PER CURIAM.
Appellant seeks reversal of his conviction of murder in the second degree and the resulting sentence to life imprisonment, on the ground that the trial court refused a requested instruction on unnecessary killing to prevent an unlawful act, Florida Statute 782.11.
The record reveals that appellant went into a bar operated by one Rhea. Appellant ordered a beer which was served by Rhea. In the meantime harsh words passed to and fro between them. Appellant contends that Rhea advanced toward him saying “I’ll really mess you up this time”, whereupon appellant pulled a gun and shot Rhea twice.
Appellant defended on the theory of self defense and instructions relative thereto were given to the jury by the trial judge as were instructions as to excusable homicide, justifiable homicide and manslaughter.
Our examination of the record reveals that the jury was thoroughly and amply *771 instructed and that the trial judge did not err in refusing appellant’s requested instruction based upon Florida Statute 782.-11. The facts sub judice are not such as those found in Whitehead v. State, Fla.App. 2nd 1971, 245 So.2d 94; Stinson v. State, Fla.App. 1st 1971, 245 So.2d 688 and Bagley v. State, Fla.App. 1st 1960, 119 So. 2d 400.
Appellant having failed to demonstrate prejudicial error, the judgment and sentence appealed are
Affirmed.
RAWLS, C. J., and BOYER, J., concur.
McCORD, concurs specially.