SCHEB, Judge.
Appellant was tried by jury and found guilty of first degree murder. He appeals the trial court’s judgment of conviction and sentence to life imprisonment.
Appellant contends that the trial court erred in refusing to instruct the jury on Section 782.11, Florida Statutes, which provides that when a defendant unnecessarily kills another while resisting the other person’s attempt to commit a felony or do any other unlawful act, the defendant shall be guilty of manslaughter.
In view of appellant’s testimony in support of his defense, we agree that the trial judge erred in failing to give the requested instruction. We reverse and remand for a new trial.
The facts at trial revealed that the appellant, age seventeen, had spent most of Sunday, April 13, 1975, riding around in a car with his friends. He and his friends consumed substantial quantities of alcoholic beverages in the course of the day. Sometime during the day, they were joined by Faustino Gonzalez who was carrying a revolver on his person. Gonzalez had also been drinking and while they were all together, he fired his revolver into the air several times causing some apprehension among the group.
That same evening appellant and Gonzalez met again at Wauchula Plaza, a shopping center. A quarrel ensued with appellant and Gonzalez engaging in a fist fight. Once their friends intervened, the fight stopped; however, Gonzalez continued to push and shove the appellant. When Gonzalez again raised his revolver, appellant ran to a nearby filling station. There, appellant met Jose Lopez who drove him home. Appellant went into his house, got a rifle and drove back to the Wauchula Plaza with Lopez, arriving there at approximately 11:30 P.M. Appellant got out of the car at the service station and asked Lopez to tell Gonzalez that he wished to speak with him and to make friends. But before Lopez reached Gonzalez, appellant fired two shots, one of which struck Gonzalez. He died shortly thereafter from the gunshot wound.
Appellant testified at trial that his purpose in returning to the. shopping center, was “to make friends with Gonzalez.” He said he brought the rifle along to protect himself in the event Gonzalez should threaten him again with the revolver that he was carrying. Further, appellant testified that *1115 when he got out of Lopez’ car, he heard gunshots and saw Gonzalez aiming his pistol at him, and that he fired back in self-defense. However, two other witnesses testified for the state that Gonzalez was only talking to friends when he was shot. The jury obviously rejected appellant’s plea of self-defense.
The trial judge refused appellant’s request to instruct the jury on the provisions of Section 782.11, Florida Statutes, which provides:
Whoever shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter, a felony of the second degree, punishable as provided in Sections 775.082, 775.083 or 775.-084.
The jury was instructed on the degrees of homicide, justifiable homicide, excusable homicide, and self-defense; however, appellant contends that had the court also instructed on Section 782.11, the jury might well have found that appellant’s act, even though intentional, constituted manslaughter rather than murder.
In Whitehead v. State, 245 So.2d 94 (Fla.2d DCA 1971), the defendant was charged with second degree murder. From the defendant’s own version of the homicide, it appeared that he was lawfully attempting to “keep the peace.” The court there held that Section 782.11 defines a particular substantive offense of manslaughter in and of itself. While this offense is not necessarily a lesser included offense within murder, the court in Whitehead stated that it constituted a lesser included offense in that case based on the facts and the theory of the defense. See Brown v. State, 206 So.2d 377 (Fla.1968).
It is a fundamental principle of law that if evidence is introduced in support of a defense, the defendant is entitled to have the jury instructed on the law applicable to his theory of defense. Koontz v. State, 204 So.2d 224 (Fla.2d DCA 1967). Here, even though appellant’s testimony was disputed by other witnesses, his version of the facts formed an evidentiary basis for the requested instruction on Section 782.11. He was entitled to have the jury instructed on that theory. If the jury believed the defendant, it could have found him guilty of manslaughter if the requested instruction had been given.
The state argues the trial judge’s refusal to give the requested instruction is supported by Snell v. State, 302 So.2d 770 (Fla.1st DCA 1974). In Snell, the defendant pulled a gun and shot the victim after harsh words had passed between the two of them and, according to the defendant’s version, the victim began advancing toward the defendant saying, “I’ll really mess you up this time.” We cannot agree with the state’s position. While we do not have the benefit of all the facts in Snell, the majority in that case concluded that the facts there were “not such as found in Whitehead.”
We believe the legislative intent of Section 782.11 was to reduce the punishment of a defendant where there was some possible justification or excuse for what the defendant did or attempted to do. Though the force used was excessive, the legislature apparently desired to allow such an error in judgment to reduce the defendant’s punishment to manslaughter. The statute should apply only where the defendant unnecessarily kills another while resisting an attempt by a victim to commit a felony or to do an unlawful act, as appellant claims Gonzalez did in this case.
Appellant raised a further point concerning a typewritten transcript of a tape-recorded statement taken from him by a deputy sheriff and read at trial. The thrust of appellant’s argument is that his statement was not properly authenticated since no one present when the statement was taken testified that the transcript accurately reflected the actual interview between the deputy and the appellant. In view of our opinion requiring a new trial because of the court’s failure to give the requested instruction, we do not reach this contention. We are confident, however, that on retrial the *1116 court will make certain that the transcript of appellant’s tape-recorded statement is properly authenticated before admitting it into evidence. See Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966).
Accordingly, this cause is reversed and remanded for a new trial consistent with this opinion.
GRIMES, J., concurs.
BOARDMAN, C. J., dissents with opinion.