356 So.2d 274 (1978)
STATE of Florida, Petitioner,
v.
Martin CARRIZALES, Respondent.
No. 51788.
Supreme Court of Florida.
February 23, 1978.
Robert L. Shevin, Atty. Gen., and C. Marie King, Asst. Atty. Gen., Tampa, for petitioner.
Jack O. Johnson, Public Defender, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for respondent.
SUNDBERG, Justice.
By petition for writ of certiorari, the State seeks review of a decision of the District Court of Appeal, Second District, reported at 345 So.2d 1113 (Fla. 2d DCA 1977), which is alleged to be in conflict with Snell v. State, 302 So.2d 770 (Fla. 1st DCA 1974), upon the issue of whether the trial judge must instruct the jury on Section 782.11, Florida Statutes (1975),[1] when the accused's defense is self-defense and where the trial judge instructs on the applicable degrees of homicide, excusable homicide, justifiable homicide, and self-defense. In Snell, the District Court of Appeal, First District, held that the trial judge was not required to instruct on Section 782.11 while in the instant cause, the District Court of Appeal, Second District, found that the judge is so required (Boardman, C.J., dissenting). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Respondent was charged by indictment with the first degree murder of Faustino Gonzalez. The homicide arose after respondent and a group of friends were joined by Gonzalez. All had consumed a substantial quantity of alcohol. As a result of such consumption, Gonzalez began firing a previously concealed revolver into the air, causing some apprehension among the group.
Later in the day, Gonzalez and respondent engaged in a quarrel which resulted in a fistfight. The fight was stopped but Gonzalez continued to push and shove the respondent. Gonzalez then raised his revolver whereupon respondent ran to a nearby filling station. There, he met one Jose Lopez who drove him home. Respondent *275 equipped himself with a rifle and returned to the general scene of the fight, parking some distance from where Gonzalez was situated. He then asked Lopez to inform Gonzalez that he wished to make friends. Lopez left to approach Gonzalez, however, before Lopez reached Gonzalez, respondent fired two shots at Gonzalez, one of which was fatal.
According to respondent's testimony, his sole purpose in returning was to "make friends with Gonzalez." He brought the rifle only to protect himself in the event Gonzalez again threatened him with his revolver. Respondent testified further that when he exited Lopez's car, he heard gunshots and saw Gonzalez aiming his pistol at him. Consequently, he was forced to fire at Gonzalez in self-defense. However, two witnesses for the State gainsaid this testimony, stating that Gonzalez was only talking to friends when he was shot.
During the charge conference, counsel for respondent requested a jury instruction on Section 782.11, Florida Statutes (1975). The trial judge denied respondent's request for such instruction. However, he gave the standard jury instructions covering self-defense, excusable homicide, justifiable homicide, and manslaughter.
The jury rejected the respondent's theory of self-defense and found him guilty as charged. By a separate sentencing proceeding, the jury recommended a life sentence. Respondent was adjudicated guilty of first degree murder and sentenced to imprisonment for life.
A timely direct appeal to the District Court of Appeal, Second District, resulted in a decision reversing and remanding for a new trial on the grounds that respondent was entitled to a jury instruction on Section 782.11, Florida Statutes (1975).
The competing philosophies as to whether an accused who relies on self-defense is entitled to an instruction on Section 782.11 are ably articulated by Judge McCord who concurred specially in Snell and by the majority opinion of the District Court of Appeal, Second District, in the instant cause. For the reasons enunciated by Judge McCord, we are persuaded by and therefore adopt the holding of the District Court of Appeal, First District, as the response of this Court in the instant cause. Judge McCord's concurrence is set forth in pertinent part below:
Appellee contends that it was not the intent of this statute to embrace an unnecessary killing under a claim of self-defense. I agree. The foregoing statute was originally enacted by the legislature in 1868 and from my research, I have not found that it has ever been applied as appellant seeks to have it applied here. Throughout the years and in our present standard jury instructions, trial courts have included in their instructions upon the law of self-defense in homicide cases the following:
"Every person has the right to defend himself from a wrongful assault and, in doing so, may use such reasonable force as is necessary under the circumstances. But one who uses more force than is reasonably necessary to defend himself from attack, even though the attack be wrongful, by using more force than is reasonably necessary makes himself the aggressor and cannot justify his act as being in self-defense.
A person is not justified in killing or inflicting great bodily injury upon another in order to protect himself from slight or insignificant injury... . He cannot justify a killing in self-defense unless the circumstances were such that a reasonably cautious and prudent person situated as he was would have believed, and unless he did believe, that what he did was necessary to protect himself from death or great bodily injury.
A person cannot justify the killing of another on the ground of self-defense unless he has used all reasonable means within his power and consistent with his own safety to avoid the danger without the necessity of such killing. If attacked by another, even though the attack be wrongful, he has the legal duty to retreat if by doing so he *276 can avoid the necessity of killing his attacker without increasing his own danger... ."
In a first degree murder trial where the defense is self-defense, if the jury finds that the defendant unnecessarily killed the decedent, it can find him guilty of either first degree murder, second degree murder, or manslaughter. If, however, § 782.11, Florida Statutes were applicable in such a case and the court charged the jury thereon, the charge would create an erroneous impression in the minds of the jurors that if the defendant was not acquitted, he could only be found guilty of manslaughter. In view of the statute's long history of not having been applied to modify the common law responsibility for the use of excessive force in self defense, I would not now construe it as doing so. The standard jury instructions on self-defense adequately cover an unnecessary killing under a claim of self-defense.
302 So.2d at 771-772.
Respondent raised additional points on appeal before the District Court of Appeal, Second District, which that court did not decide in view of its opinion requiring a new trial on the jury instruction issue. He reiterates those points in his brief before this Court. We decline to review those points not considered by the District Court of Appeal, Second District, but upon remand to that court, we trust that such points will be entertained.
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Second District, is quashed, and this cause is remanded to that court for proceedings not inconsistent with the views expressed herein and for consideration of respondent's remaining points on appeal.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] § 782.11, Fla. Stat. (1975), reads as follows:

"Unnecessary killing to prevent unlawful act.  Whoever shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."