KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence for manslaughter by unnecessary killing to prevent an unlawful act. We reverse.
On March 7, 1977, an information was filed charging appellant, an Opa-Locka police officer, with committing the offenses of (1) manslaughter (in violation of Section 782.07, Florida Statutes) and (2) manslaughter by unnecessary killing to prevent an unlawful act (in violation of Section 782.11, Florida Statutes). After a jury trial, appellant was acquitted of the charge of manslaughter under Section 782.07, but was found guilty of manslaughter under Section 782.11. From the ensuing judgment of conviction and sentence, appellant brings this appeal.
Among his points on appeal, appellant contends that there was insufficient proof to sustain the charge of manslaughter by unnecessary killing to prevent an unlawful act in violation of Section 782.11, Florida Statutes. This Section reads in pertinent part as follows:
“Unnecessary killing to prevent unlawful act.
“Whoever shall unnecessarily kill another, while resisting an attempt by such other person to commit any felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter, a felony of the second degree, punishable as provided in F.S. 775.082, 775.083, or 775.084.”
It is apparent from this Section that one of the essential elements of proof to be shown by the prosecution, appellee herein, is that the deceased victim was unnecessarily killed while he (the victim) was attempting to commit any felony or do any other unlawful act. In the instant case, the record is totally devoid of any evidence by which the jury could have determined what *608 specific felony or unlawful act the victim was attempting to commit when he was shot by appellant. Absent any proof of this essential element, appellant could not be properly convicted under Section 782.11. We note that, although appellant might have been subject to a murder charge, he was charged with manslaughter under Section 782.07, for which he was acquitted.
In the light of this determination, it is unnecessary for us to reach appellant’s other point on appeal which contended that the trial court erred in failing to instruct the jury on all of the essential elements required to sustain a manslaughter conviction under Section 782.11. Assuming, for the sake of our discussion above, that the jury was properly charged on all of the essential elements, the record shows that the evidence at trial did not support the charge.
For the reasons set forth above, the judgment of conviction and sentence appealed are reversed and the cause is remanded to the trial court with directions to discharge appellant.
Reversed and remanded with directions.