SCHWARTZ, Judge
(specially concurring)
While I agree that the appellant should be discharged, my conclusion to that effect is based upon a somewhat different ground than the one assigned in Judge Kehoe’s opinion.
In my view, Section 782.11, Florida Statutes (1975) does not apply, as a matter of law, to a case, such as this one, in which the state contends that the defendant employed excessive force in effecting an arrest and the defense is that the force used was not excessive and that the killing was therefore justifiable homicide. These issues are properly framed and determined, as they were in this very case, only through a charge that the defendant violated the “standard” manslaughter statute, Section 782.07, Florida Statutes (1975). That provision defines manslaughter as
“The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification . in cases in which such killing shall not be excusable homicide or murder . ” [emphasis supplied]
The jury was so instructed in this case. It was also told, in accordance with the standard jury instruction on the subject, that
“The killing of a human being is justifiable homicide and lawful . . . ”
******
“2. When committed by a law enforcement officer (or any person summoned or directed to assist him) in the use of such force as he reasonably believes is necessary to prevent death or great bodily harm to himself or another or when he reasonably believes both that (a) the force used is necessary to prevent a lawful arrest from being defeated by resistance or escape and (b) the person to be arrested has committed or attempted to commit a felony, is attempting to escape by use of a weapon, or otherwise indicates that, unless arrested without delay, he will endanger human life or inflict great bodily harm.”
The jury resolved the issues presented by these instructions by finding Mitchell not guilty of the violation of Section 782.07 with which he was charged.
In State v. Carrizales, 356 So.2d 274 (Fla.1978), the supreme court held that Section 782.11, Florida Statutes (1975) does not apply when the “unlawful act” allegedly committed by the decedent was the use of force directed against the defendant, who claims that the killing was justifiable as in lawful self-defense. This holding is directly applicable to the situation involved in this case, in which, as in Carrizales, the only allegedly “unlawful acts” of the victim were those which gave rise to the defendant’s use of force, in attempting to effect the victim’s arrest.
The purpose of Section 782.11, Florida Statutes (1975) is to reduce the charge, and therefore the penalty, when a killing which might otherwise constitute first or second degree murder is committed in resisting an attempt to commit an “independent” unlawful act, which does not involve force *609 directed against the defendant. E. g., Whitehead v. State, 245 So.2d 94 (Fla. 2d DCA 1971). It is appropriately applied, for example, if a person with premeditation unnecessarily kills someone attempting to break into his home. It does not apply, however, to cases like Carrizales and this one, in which the issue is whether the defendant has employed justifiable force, and was therefore guilty of no crime at all, in countering the “unlawful acts” of the victim.