FRANK D. UPCHURCH, Jr., Judge.
The state appeals from an order dismissing an indictment which had charged Officer Edward Kadet with unnecessary killing to prevent an unlawful act, a violation of section 782.11, Florida Statutes (1981). The court below found that the facts presented did not constitute a prima facie case of violation of the statute. The court reasoned that unless a killing was committed in an attempt to resist or stop an unlawful act independent from one directed at the eventual defendant, here Officer Kadet, the provisions of section 782.11, would not apply. We agree and affirm.
The parties stipulated to the following facts. On October 18, 1982, a Mr. Lovett was walking about in an excited manner, speaking loudly and calling to passing cars in the parking lot of a convenience store. Lovett appeared to be mentally disturbed. Officer Kadet, who was in uniform and on patrol, observed Lovett acting in a strange manner and proceeded to investigate. Ka-det called for a backup and referred to the individual in his radio dispatch as mentally disturbed. A second officer arrived on the scene. The uniformed officers identified themselves to Lovett who produced a two and one-half inch tile knife which he held up by his side. Lovett advanced towards Kadet and Lovett was ordered to drop the knife several times by both officers. When Lovett continued to advance towards Ka-det, Kadet fired his revolver three times. Lovett was hit in the chest with one of the rounds and died. Several witnesses gave conflicting estimates as to how far Lovett was from Kadet when the officer discharged his weapon although it is undisputed that Lovett was advancing towards Ka-det when Kadet fired.
The question on which this case turns is whether proof of an underlying, independent and unlawful act above and apart from the force directed at the accused is required to establish a prima facie case of manslaughter under section 782.11. Section 782.11 provides as follows:
Whoever shall unnecessarily kill another, either while resisting an attempt by such *390 other person to commit any felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084.
There is language in several cases which implies that proof of an independent unlawful act is necessary for an accused to be convicted of violating this statute. See Phippen v. State, 389 So.2d 991 (Fla.1980); Cobb v. State, 376 So.2d 230 (Fla.1979); State v. Carrizales, 356 So.2d 274 (Fla.1978); Mitchell v. State, 368 So.2d 607 (Fla. 3d DCA 1979); Whitehead v. State, 245 So.2d 94 (Fla.2d DCA 1971).
In Carrizales, the Florida Supreme Court held that where a defendant is charged with first degree murder and claims self-defense, the court is not required to instruct on section 782.11 when there is no evidence that an independent unlawful act has been committed. The court in Carrizales reasoned that it was not the intent of this statute to embrace an unnecessary killing under a claim of self-defense. Furthermore, the court opined that the instructions on self-defense adequately cover an unnecessary killing under a claim of self-defense. Carrizales, 356 So.2d at 275.
In Cobb, the Florida Supreme Court upheld a conviction for unnecessary killing pursuant to section 782.11 where the evidence showed that the defendant, a police officer, unnecessarily killed two trespassers during an attempt to arrest them. In that case, the court held that manslaughter described in section 782.11 is a crime separate and distinct from general manslaughter and culpable negligence. Therefore, the court reasoned that where the elements of general manslaughter exist in conjunction with the additional factor of resistance against another’s attempt to commit an unlawful act, a conviction for “unnecessary killing” manslaughter will stand.
In Mitchell, the Third District reversed a conviction under section 782.11 where the record before it was devoid of any evidence that the victim had committed a specific felony or unlawful act when he was shot by the defendant. The defendant, a police officer, was charged with (1) manslaughter in violation of section 782.07, Florida Statutes, and (2) manslaughter by unnecessary killing to prevent an unlawful act in violation of section 782.11. After a jury trial, the defendant was acquitted of the charge of manslaughter under section 782.07, but was found guilty of manslaughter under section 782.11. This decision did not include a factual account of what transpired prior to the shooting but held as a matter of law that the conviction could not stand.
In his special concurring opinion in Mitchell, Judge Schwartz argued that in Carrizales, the supreme court held that section 782.11 does not apply when the unlawful act allegedly committed by a decedent is the use of force directed against a defendant who claims that the killing was a justifiable act of self-defense. Further, Judge Schwartz stated that the purpose of section 782.11 is to reduce the charge when a killing might otherwise constitute first or second degree murder and where the murder is committed in resisting an attempt to commit an independent and unlawful act which does not involve force directed against the defendant.
We agree with Judge Schwartz’s analysis and find that section 782.11 does not apply under the circumstances here. An element of this particular statute is that the victim was committing or attempting to commit a felony or other unlawful act independent of the threatened act directed at the defendant.
As an observation, we question whether a law enforcement officer should ever be, in the absence of intentional misconduct or some degree of malice, criminally responsible for using poor judgment. A police officer, under the circumstances here, is ordered into a life threatening situation. The call usually comes without warning. He does not ask for the assignment, but he is bound to protect society against the violent acts of the unlawful or mentally deranged. Now that same society seeks to *391 punish him for using poor judgment. An officer, in such circumstances, should not be burdened with the knowledge that if he overreacts to the real or imagined dangers he may be committing a crime, especially when those who judge his actions do so with the benefit of perfect hindsight and from a position of safety.
AFFIRMED.
SHARP and COWART, JJ., concur.