Hansel Tyrone CLARKE, Petitioner,

v.

The STATE OF FLORIDA, Respondent.

No. 84–2968–Civ.

United States District Court,
S.D. Florida, N.D.

Oct. 31, 1986.

State's interpretation of rule to require that person be incompetent to stand trial for uninterrupted period of five years before State will entertain motion to dismiss charges did not constitute violation of petitioner's due process rights entitling him to federal habeas corpus relief where commitment was allowed under rule only if criteria for involuntary hospitalization were sat-

Robert O. Dugan, Howard Hochman, Miami, Fla., for petitioner.

Richard L. Polin, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondent.

## FINAL ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon a Petition For Writ of Habeas Corpus filed by the Petitioner, HANSEL TYRONE CLARKE, who is in state custody pursuant to a state judgment. The matter was referred to a United States Magistrate who issued his Amended Report And Recommendation (DE 23). Thereafter, the Respondent, THE STATE OF FLORIDA, filed its Objections To Amended Report And Recommendation Of Magistrate (DE 24), adopting its Objections (DE 22) originally filed to the original Report of the United States Magistrate.

Oral argument was had before the Court on May 30, 1986.

■ This Court may entertain a Petition for Writ of Habeas Corpus challenging state custody only when the Petitioner demonstrates a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. Section 2254(a). In this case, the state has interpreted its own rule, Florida Rule of Criminal Procedure 3.213(b), to require that certain procedures and time limits occur before the Petitioner's Motion to Dismiss pending charges can be considered. The Petitioner alleges that the State's interpretation of this Rule constitutes a federal due process violation.

It is not the function of this Court to legislate state laws and procedures; it can only evaluate the constitutional attacks upon them. *Henry v. Wainwright,* 721 F.2d 990 (5th Cir.1983), *cert. denied,* 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984). The Petitioner relies on the United States Supreme Court case of *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), as authority supporting his due process claim. In the *Jackson* case, the defendant was in state custody solely on the basis of his incompetency to stand trial. He was subjected to a more lenient commitment standard and to a more stringent standard of release than those generally applicable to all other persons not charged with offenses. This had the effect of condemning the defendant to permanent institutionalization without the showing required for commitment, or the opportunity for release afforded by ordinary commitment procedures.

In the instant case, the Petitioner is charged with first degree murder and possession of a firearm in the commission of a crime in October, 1978. On November 30, 1978, he was adjudicated incompetent to stand trial and placed in the custody of the State of Florida. He was committed under criteria which is the same as for involuntary civil hospitalization. Florida law dictates that a defendant cannot be committed based solely on his incapacity to stand trial. The criteria for involuntary hospitalization must also be satisfied. Florida Rule of Criminal Procedure 3.212. It is only after the state court decides that a defendant is not mentally competent to stand trial and that he meets the criteria for involuntary hospitalization set forth by law, that the Court can order the defendant to be transferred to a treatment facility. If, at any subsequent point, the Court determines that the defendant remains incompetent to stand trial, but no longer meets the criteria for involuntary confinement, the defendant may be released. Florida Rule of Criminal Procedure 3.212(b)(6), (c). Therefore, the concerns voiced in *Jackson* simply do not exist in the Petitioner's case.

In addition, the Court found in the *Jackson* case that the record sufficiently established the lack of substantial probability that the defendant would ever be able to participate in a trial. The evidence in the instant case has not been so established.

The unanimous agreement of all three psychiatrists examining the Petitioner before, and during, a competency hearing held on February 24, 1986, was that the Petitioner could become competent in the foreseeable future. The *Jackson* case can thus be distinguished from the case at bar.

■ The Petitioner argues that the denial of his Motion to Dismiss charges pending against him violates his substantive due process rights. He asserts that since he has been in custody for more than five years, the State should dismiss the pending charges. The State has interpreted the Rule upon which the Petitioner relies to require that a person be incompetent to stand trial for five uninterrupted years before the State will entertain a Motion to Dismiss charges. The Petitioner asks this Court to decide that the Florida courts have erred in construing the laws of Florida. The State's interpretation of its own laws or Rules provides no basis for federal habeas corpus relief. *Carrizales v. Wainwright,* 699 F.2d 1053 (11th Cir.1983). In federal habeas corpus proceedings, the federal court is bound by the state court's interpretation of the state's criminal statute. *Bronstein v. Wainwright,* 646 F.2d 1048 (5th Cir.1981). There has been no showing by the Petitioner that the state court's denial of his Motion to Dismiss has deprived him of any right guaranteed by the Constitution.

The Court, having carefully considered the Amended Report And Recommendation of the United States Magistrate, having carefully considered the Objections filed thereto by THE STATE OF FLORIDA, having carefully considered all memoranda submitted in support of and in opposition to, having considered argument of able counsel of record and upon independent de novo review of the entire record herein, and after due consideration, it is

ORDERED AND ADJUDGED that the Objections of THE STATE OF FLORIDA to the Amended Report And Recommendation of the United States Magistrate be and the same are hereby SUSTAINED, and the Petition for Writ of Habeas Corpus filed herein by the Petitioner, HANSEL TYRONE CLARKE, be and the same is hereby DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that the above-styled cause be and the same is hereby DISMISSED.