Michael R. BRANAN,
Petitioner–Appellant,

v.

William E. BOOTH, and Robert A. Butterworth, Attorney General of the State of Florida, Respondents–Appellees.

No. 88–3052

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 1988.

Before HILL, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner-appellant, Michael R. Branan, a Florida prisoner, seeks review of the district court's dismissal with prejudice of his petition for writ of habeas corpus (28 U.S. C. § 2254). Branan was convicted of sexual battery with slight force and sentenced to 15 years in prison by a Palm Beach County Circuit Court in 1984. After exhausting state remedies, Branan filed the instant petition for habeas relief. In his petition, Branan alleges that he was denied

---

due process and equal protection because the trial judge relied on invalid reasons in departing from the Florida sentencing guidelines (Fla.R.Crim.P. 3.701) and increasing Branan's sentence from the recommended 12–30 months to 15 years. The district court dismissed the petition with prejudice, finding the issue to be one of state law and, thus, not cognizable in a federal habeas action. We affirm.

The applicable statute, 28 U.S.C. § 2254(a), provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

It is clear from the foregoing statute that a habeas petition grounded on issues of state law provides no basis for habeas relief. *Carrizales v. Wainwright,* 699 F.2d 1053, 1054–55 (11th Cir.1983). In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. *Jones v. Estelle,* 622 F.2d 124, 126 (5th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980); *Nichols v. Estelle,* 556 F.2d 1330, 1331 (5th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); *Willeford v. Estelle,* 538 F.2d 1194, 1196–98 (5th Cir.1976). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Willeford,* 538 F.2d at 1198.

In the instant case, petitioner argues that the trial judge misinterpreted Florida law regarding departure from recommended guidelines for sentencing. He cites numerous Florida cases and argues that, if the trial judge had correctly interpreted Florida case law and the Florida Rules of Criminal Procedure, petitioner would have been given a shorter sentence. As a result of these alleged violations of state law, petitioner argues, he is being denied due process and equal protection as guaranteed by the Constitution of the United States.

It is our opinion that the petition raises issues of state law only and, thus, must be dismissed. Although petitioner alleges violations of federal law, it is clear that this petition is based exclusively on state law issues which are merely "couched in terms of equal protection and due process." *Willeford,* 538 F.2d at 1198. Were this Court to undertake a review of the instant petition, we would have to conduct an examination of Florida case law and of the Florida Rules of Criminal Procedure. This we will not and can not do.[1]

Because the instant petition raises only questions of state law and because we are bound by our prior decisions, we hereby AFFIRM the district court's dismissal with prejudice of the petitioner's writ of habeas corpus.

AFFIRMED.

---

**1.** Like the district court, we express no opinion on the trial court's interpretation of Florida law.