12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry D. CHEATHAM, Petitioner-Appellant,
v.
Joseph P. HOSEY, Acting Warden; Robert Kapture,
Respondents-Appellees.
 No. 93-1319.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1993.
 
 E.D. Mich., No. 92-73260, Duggan, J.
 E.D.Mich.
 AFFIRMED.
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Larry D. Cheatham, a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Cheatham in 1983 of two counts of first degree criminal sexual conduct (CSC I), one count of armed robbery, and one count of using a firearm in the commission of a felony. Cheatham was sentenced to 50 to 90 years of imprisonment on the CSC I counts, 30 to 50 years on the robbery count, and a mandatory 2 years on the felony firearm count. The Michigan Court of Appeals affirmed his conviction and sentence on October 9, 1985, and the Michigan Supreme Court denied leave to further appeal. The appellate court expressly declined to consider Cheatham's issue regarding ineffective assistance of counsel until Cheatham had filed a motion for a new trial in the Detroit Recorder's Court. Cheatham subsequently filed such a motion, which was denied on September 11, 1989, following a hearing.
 
 
 3
 In his habeas petition, Cheatham raised eight grounds for relief: (1) the trial court improperly departed from the Michigan sentencing guidelines, abused its discretion by relying on a psychiatric report prepared for sentencing, and penalized Cheatham for exercising his right to trial by jury; (2) the trial court improperly permitted a police witness to bolster the complainant's identification testimony; (3) conviction for both CSC I and armed robbery violated the prohibition against double jeopardy; (4) the prosecutor's questioning and closing argument constituted misconduct; (5) the trial court erroneously admitted evidence regarding Cheatham's blood type; (6) trial counsel rendered ineffective assistance; (7) the prosecutor improperly bolstered the complainant's testimony; and (8) the pre-trial photographic show-up was unduly suggestive and there was no independent basis for the in-court identification. The district court rejected each of Cheatham's grounds for relief in an opinion filed on January 28, 1993, and denied the petition in an accompanying order.
 
 
 4
 On appeal, Cheatham continues to argue the merits of his grounds for relief, except for the double jeopardy issue. In addition, he raises two new issues regarding the state's failure to conduct a physical line-up and the trial court's denial of his request to take a polygraph examination.
 
 
 5
 Upon review, we conclude that the district court did not err in denying Cheatham's habeas petition because Cheatham has not established that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Cheatham did not renew his double jeopardy issue on appeal; thus, it is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). He did not present his new issues relating to the lack of a physical line-up and the denial of a polygraph examination to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances are present in this case.
 
 
 7
 Cheatham first argues that the trial court improperly departed from the Michigan sentencing guidelines in imposing his sentence. This argument presents an issue of state law only and is, thus, not cognizable in federal habeas review. See Hutto v. Davis, 454 U.S. 370, 373-74 (1982) (per curiam) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988) (per curiam) (federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures); Draughn v. Jabe, 803 F.Supp. 70, 81 (E.D.Mich.1992) (same), aff'd, 989 F.2d 499 (6th Cir.1993).
 
 
 8
 Neither is Cheatham entitled to resentencing because of the trial court's consideration of a psychiatric report prepared before sentencing. The recommendation of a substantial prison sentence contained in the psychiatric report was also contained in the presentence investigation report. The trial court cited both recommendations when it imposed sentence. In addition, the trial court stated its opinion that the case in which Cheatham was convicted was "certainly one of the worst that I have heard in some time, the kind of things that were done to the complainant with respect to violating her personally and her property rights and rights as a citizen in the City of Detroit to walk the streets of the city without fear of being accosted or assaulted by total strangers...." Thus, there is ample evidence in the record that the trial court would have given Cheatham a lengthy prison sentence even absent the psychiatric report.
 
 
 9
 Cheatham's Sixth Amendment right to counsel was not violated when counsel was not present at, nor informed of, his psychiatric evaluation. The case of Estelle v. Smith, 451 U.S. 454, 468 (1981), which holds that a criminal defendant who neither initiates a psychiatric evaluation nor attempts to introduce psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements may be used against him at a capital sentencing proceeding, is not applicable to Cheatham's case. This court has held that a presentence interview with a probation officer is not a critical stage of the prosecution requiring counsel's presence. See United States v. Tisdale, 952 F.2d 934, 940 (6th Cir.1992). Although this court has not ruled on the precise issue of whether an opportunity to confer with counsel before submitting to a presentence psychiatric interview, this situation is more analogous to Tisdale than to Smith. See also Godfrey v. Kemp, 836 F.2d 1557, 1564 n. 5 (11th Cir.) ("A psychiatric examination is not per se a 'critical stage' in a defendant's prosecution. The focus of the examination must concern an essential issue at trial for the examination to represent a 'critical stage' "), cert. dismissed, 487 U.S. 1264 (1988).
 
 
 10
 There is absolutely no evidence in the record that the trial court penalized Cheatham for exercising his right to a jury trial. Instead, the record shows that the judge relied upon the trial testimony, the prepared reports, and Cheatham's prior record when she imposed sentence.
 
 
 11
 Prosecutorial misconduct must be so egregious as to deny the petitioner a fundamentally fair trial before habeas relief is warranted. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974); Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). "When reviewing alleged prosecutorial misconduct, this court considers
 
 
 12
 the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused."
 
 
 13
 United States v. Payne, No. 92-1437, 1993 WL 323701, at * 5 (6th Cir. Aug. 27, 1993) (quoting United States v. Leon, 534 F.2d 667, 679 (6th Cir.1976)). Even if prosecutorial misconduct is established, habeas relief should not be granted if the reviewing court finds that, based upon the entire record, the conduct can be considered harmless. Id. The record in this case does not support a finding of prosecutorial misconduct.
 
 
 14
 Cheatham challenges several questions and statements made by the prosecution during the course of his trial and during closing argument. "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." United States v. Young, 470 U.S. 1, 11-12 (1985). The comments complained of, even taken together, do not warrant habeas relief. The state's closing argument was lengthy, covering twenty-four pages in the transcript, and so the challenged statements cannot be considered extensive. In addition, the court reminded the jury on more than one occasion that the attorney's comments were not evidence.
 
 
 15
 An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Michigan law permits the admission of both blood type testimony and third party testimony concerning out-of-court identification by a complaining witness. Cheatham had the opportunity to cross-examine the witnesses presenting this testimony. Because Cheatham's constitutional rights are not implicated, this court will not second-guess the state court's rulings on these state law issues.
 
 
 16
 Cheatham has not established ineffective assistance of counsel because he has not shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991). A reviewing court's scrutiny of counsel's performance is highly deferential. See Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988). Cheatham offers two bases for his claim of ineffective assistance of counsel, neither of which satisfies the first prong of the Strickland test.
 
 
 17
 Cheatham first argues that his counsel's action in eliciting the fact of his brother's guilty plea to the offenses with which he and his brother were charged constituted ineffective assistance. Trial counsel testified at a hearing held pursuant to People v. Ginther, 212 N.W.2d 922 (Mich.1973), by the Detroit Recorder's Court that his action was a matter of trial strategy. A reviewing court will not question matters which involve trial strategy. See United States v. Chambers, 944 F.2d 1253, 1272 (6th Cir.1991), cert. denied, 112 S.Ct. 1680 (1992).
 
 
 18
 Cheatham also argues that counsel's failure to follow up on his request for jury instructions on lesser included offenses constituted ineffective assistance of counsel. Under Michigan law, a defendant may request and receive instructions on necessarily included offenses without regard to the evidence, and on cognate lesser included offenses if the evidence presented at trial would support a conviction on the lesser included offense. See People v. Beach, 418 N.W.2d 861, 867 (Mich.1988). Because counsel did, in fact, request instructions on the mandatory lesser included offenses and conferred with Cheatham during his dialogue with Judge Jasper, we conclude that counsel's performance was not deficient, even though the judge did not give the requested instructions.
 
 
 19
 Finally, there is no evidence to support Cheatham's contention that the photographic show-up at which the complainant identified him as one of her assailants was unduly suggestive.
 
 
 20
 Accordingly, the district court's order, filed on January 28, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.