**Thomas KNAPP, Petitioner,**

v.

**Harry K. SINGLETARY, Jr., Respondents.**

**No. 93–1615–Civ–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 3, 1994.

---

Thomas Wayne Knapp, pro se.

### *ORDER*

KOVACHEVICH, District Judge.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 16, 1993.

Petitioner pled guilty to one count of attempted first degree murder and one count of aggravated battery in Case No. 87–16084. The Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on February 24, 1988, sentenced petitioner to forty years in state prison for the attempted first degree murder, and fifteen years probation to run consecutively for the aggravated battery, plus three years minimum mandatory for the commission of a felony with a firearm.[1] This sentence constitutes a departure from the recommended state sentencing guidelines.

The record indicates that the assistant state attorney enumerated the reasons for the departure on Petitioner's scoresheet the day of the sentencing. *See* Exhibit A to Respondent's Response to Petition p. 225, 226. Two days later, on February 26, 1988, *nunc pro tunc,* the judge produced a written order for departure from the recommended

1. Florida Statute § 775.087(2) requires that any person convicted of aggravated battery or attempted murder who had a firearm in his possession shall be sentenced to a minimum term of imprisonment of 3 years.

sentencing guidelines. The order set forth several reasons for the upward departure. *See* Exhibit A to Respondent's Response to Petition p. 235–238.

Petitioner filed a direct appeal on May 19, 1989 in the Second District Court of Appeals in Lakeland, Florida, in Case No. 88–694. In his appeal, Petitioner challenged the validity of the sentencing departure by the trial court. The Second District Court of Appeals, upon review of the trial record, affirmed the trial court, *per curiam* 545 So.2d 1373.

Petitioner then filed a Rule 3.850 motion for post-conviction relief in the Second District Court of Appeals in Lakeland, Florida. In his motion Petitioner alleged that his plea was involuntary as the sentencing departure was in violation of a plea agreement. Upon review of the trial court record, the Second District Court of Appeals determined that no negotiated plea existed. Furthermore, the appellate court dismissed Petitioner's motion for post-conviction relief as untimely filed.

Petitioner subsequently filed a petition for writ of habeas corpus in the Second District Court of Appeals, in Case No. 90–02391, alleging ineffective assistance of appellate counsel on direct appeal and requesting belated appellate review. Petitioner's petition was denied without opinion.

Petitioner also filed a petition for writ of habeas corpus in the Florida Supreme Court, in case no. 77,279. He alleged that the Second District Court of Appeals erred in denying his petition for writ of habeas corpus. The Florida Supreme Court denied his motion without a written opinion.

It appears that Petitioner has exhausted all available state court remedies. Respondent does not raise procedural default or exhaustion of state court remedies as issues to be considered by this Court. Petitioner petitioned this Court for writ of habeas corpus on September 16, 1993. Respondent moved for a dismissal of the Petitioner's petition on October 22, 1993.

Petitioner raises two grounds in support of his petition for habeas relief:

## I. PETITIONER WAS DEPRIVED OF DUE PROCESS WHEN THE TRIAL COURT DEPARTED FROM THE RECOMMENDED SENTENCING GUIDELINES WITHOUT A "CONTEMPORANEOUS" WRITTEN JUSTIFICATION.

■ Petitioner contends that Florida law requires the sentencing judge to provide "contemporaneous" written justification for departure from the state's recommended sentencing guidelines. Although Petitioner alleges that violation of this law violates his right to due process, the issue is not reviewable by this Court.

A federal habeas petition may be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

■ The Florida Statutes set forth recommended guidelines for sentencing individuals upon conviction for violation of Florida state laws. The procedure to be followed in so doing is also a matter of state law. In order to review the correctness of Petitioner's sentencing, this Court would be required to review and interpret Florida state law. According to the court in *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. Unit B, 1981):

In a federal habeas corpus proceeding, a federal court is bound by the state court's interpretation of a state criminal statute ... A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved.

Additionally, the courts have repeatedly held that a state's failure to adhere to its own sentencing guidelines is not reviewable by federal courts.

This limitation on federal habeas review is of equal force when a petition, which actually involves state issues, is 'couched in terms of equal protection and due process'. *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988).

■ Therefore, even if the trial court erred in departing from the recommended sentencing guidelines without a required

"contemporaneous" written justification, this is purely a matter of state law. Therefore, Petitioner has failed to allege a matter reviewable by this Court. *McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir.1992); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988); *Willeford v. Estelle,* 538 F.2d 1194, 1196 (5th Cir.1976).

## II. TRIAL COURT ERRED WHEN IT ALLOWED THE CHARGE OF AGGRAVATED BATTERY TO STAND WHERE THE RECORD DOES NOT SUPPORT THE CHARGE.

 Petitioner's allegation that the trial record does not support his conviction of aggravated battery does not state a meritorious ground for relief. According to *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.1991), a reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process. Due process under the United States Constitution does not require a state court to establish a factual basis for a guilty plea "absent special circumstances". *Rodriguez v. Ricketts,* 777 F.2d 527, 528 (9th Cir.1985). The court has held that the only circumstance which requires a state court to establish a factual basis for a guilty plea is when the defendant simultaneously proclaims his innocence. *Wallace v. Turner,* 695 F.2d 545 (11th Cir.1983).

> Even in these cases, the purpose of placing the facts on the record is not to establish guilt as a basis for a judgement of conviction. Rather it is to aid in the constitutionally required determination that the defendant entered the plea intelligently and voluntarily. *Id* at 548.

As the trial record indicates, Petitioner pled guilty in open court without simultaneously maintaining his innocence. *See* Exhibit A to Respondent's Response to Petition p. 5–15 of the trial court record. The trial court was therefore under no obligation to establish a factual basis for the petitioner's guilty plea. Notwithstanding the absence of the trial court's duty, the trial record does indicate that Mr. Aljunaily testified that he saw the Petitioner strike Ms. Monseglio with the butt of a rifle. *See* Exhibit A to Respon-

dent's Response to Petition p. 47 of the trial court record. Additionally, Ms. Monseglio, Ms. Kitchen, the victim of the attempted murder, and several other witnesses testified that the Petitioner repeatedly ran his truck into Ms. Monseglio's car while she and Ms. Kitchen were driving in the car. *See* Exhibit A to Respondent's Response to Petition, trial court record. For these reasons, the Court finds the Petitioner's allegation that the trial record does not support the charge of aggravated battery meritless.

Accordingly, the Court orders:

Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 7) is granted. Petitioner's petition is dismissed, with prejudice. The Clerk is directed to close this case and to enter judgement accordingly.

**DONE AND ORDERED.**