48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Warner WILCOX, Petitioner-Appellant,
v.
John LITTLEFIELD, Warden, Respondent-Appellee.
 No. 94-3625.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Warner Wilcox, an Ohio prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On October 15, 1990, Wilcox was convicted by a Cuyahoga County, Ohio, jury of one count of possession of heroin in less than bulk amount, with one firearm specification and a prior conviction specification, upon which he was sentenced to four to ten years of incarceration, with three years to be actual incarceration, to be served consecutively to the sentences imposed upon the remaining counts; one count of carrying a loaded, concealed weapon, upon which he was sentenced to four to ten years of incarceration, with three years to be actual incarceration; and one count of having a weapon under a disability, upon which he was sentenced to three to five years of incarceration, with the sentences on the second and third counts to be served concurrently to one another.
 
 
 4
 In his habeas petition filed January 25, 1993, Wilcox asserted a violation of his Fourth Amendment rights, as well as several violations of his Fourteenth Amendment due process rights. Wilcox's habeas petition was referred to a magistrate judge who recommended that the petition be denied. Upon de novo review of the report and recommendation and Wilcox's objections, the district court adopted the report and recommendation in an order filed September 13, 1993. This timely appeal followed.
 
 
 5
 Initially, we note that Wilcox does not raise claims two, six, seven, and eight set forth in his habeas petition on appeal to this court; therefore, these claims are considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we affirm the district court's order because Wilcox has not been denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 7
 Wilcox was not denied a fair and full hearing on his Fourth Amendment claims. It was Wilcox's counsel's failure to follow procedural rules for subpoenaing witnesses, and subsequent failure to secure the deposition testimony of Mr. Copeland (or to inform the court if Mr. Copeland's condition prohibited that), which frustrated the presentation of the testimony of the Copelands. Furthermore, considering that the trial judge told defense counsel that she would reopen the suppression hearing if counsel deposed Mr. Copeland and found him to be of assistance to the defense, or if counsel could establish that his witness had been personally served, we cannot say that Wilcox was denied fundamental fairness by the trial court's refusal to permit Wilcox's counsel to proffer what he believed Mr. Copeland's testimony would be.
 
 
 8
 Wilcox was not denied the right of compulsory process when the trial court refused to enforce the subpoenas that had been issued to the Copelands or to grant a short continuance to secure the Copelands' appearance and attendance. It is a fundamental element of due process to give the defendant the right to present witnesses to establish a defense. Washington v. Texas, 388 U.S. 14, 19 (1967). As noted previously, however, Wilcox failed to obtain personal service on the Copelands. Without personal service, the trial court could not issue bench warrants. See Ohio Rev.Code Sec. 2317.21. Thus, under the facts of this case, Wilcox's right to compulsory process was not violated by the trial court's failure to grant him a continuance or refusal to enforce his subpoenas.
 
 
 9
 The action of the trial court in permitting the jury to consider a prior conviction on a drug possession offense which had been reversed and vacated on appeal did not render Wilcox's trial fundamentally unfair for the reason stated by the district court. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 10
 Finally, Wilcox's claim that he was improperly sentenced to an indefinite term of imprisonment is not cognizable in a habeas corpus proceeding. Federal courts may not review claims that a state court failed to adhere to state statutory sentencing procedures. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988).
 
 
 11
 Accordingly, the district court's order is affirmed.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation