52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald Allen LUNSFORD, Petitioner-Appellant,
v.
Gerald HOFBAUER, Respondent-Appellee.
 No. 94-2128.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MERRITT, Chief Judge; KEITH and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Donald Allen Lunsford, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lunsford pleaded guilty to one count of kidnapping and one count of first-degree criminal sexual conduct for which he received a sentence of twenty-five to fifty years of imprisonment on each count, to be served concurrently.
 
 
 3
 In his habeas corpus petition, Lunsford raised the following four grounds for relief:
 
 
 4
 I. Whether or not the sentence imposed violates the sentence guidelines and runs contrary to the principle of proportionality as set forth in the Milbourn opinion where the trial court failed to consider the recommendations of the guidelines or failed to articulate on the record his reason for the departure?
 
 
 5
 II. Whether or not petitioner was denied his Sixth Amendment right to have the effective assistance of counsel where the attorney failed to raise (2) issues of substantial nature, this error is also assigned to appellate counsel under the Sixth Amendment of the United States Constitution?
 
 
 6
 III. Whether or not the Ingham County Circuit Court lacked subject matter jurisdiction in the case where the petitioner's plea was the product of a complaint and information obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution?
 
 
 7
 IV. Whether or not the trial court lacked subject matter jurisdiction in the instant case where the charged offense took place as alleged in the initial complaint in the neighboring county of Jackson Michigan?
 
 
 8
 The district court found that Lunsford committed a state procedural default with respect to claim three listed in his habeas petition and that he had not shown cause to excuse the default and prejudice resulting therefrom. However, the district court considered the merits of petitioner's other claims, found them to be frivolous, and dismissed Lunsford's habeas petition.
 
 
 9
 On appeal, Lunsford continues to argue the merits of his claims. He makes no argument as to any cause for his state procedural default or prejudice resulting therefrom.
 
 
 10
 Upon review, we conclude that the district court properly dismissed Lunsford's habeas corpus petition because he was not denied fundamental fairness in the proceedings. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 11
 This court will not consider Lunsford's third habeas corpus claim because he failed to comply with a state procedural rule and he has not shown cause to excuse the default and prejudice resulting therefrom. Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). This also is not an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent; thus, habeas relief need not be granted to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 12
 As to his first claim, Lunsford argues that the trial court improperly exceeded the state sentencing guidelines and violated the principles of proportionality set forth in People v. Milbourn, 461 N.W.2d 1 (Mich.1990). Lunsford is essentially asking the court to rule on a matter of state law which rarely serves as a basis for habeas corpus relief. Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Furthermore, a claim that the trial court violated state law when sentencing petitioner is not cognizable in a habeas corpus proceeding. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988) (per curiam). There is no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee. Harmelin v. Michigan, 501 U.S. 957, 965 (1991); United States v. Hopper, 941 F.2d 419, 422 (6th Cir.1991).
 
 
 13
 Lunsford's fourth claim regarding the question of the trial court's venue is also a matter of state law which is not cognizable in a habeas corpus proceeding. See Smith, 848 F.2d at 738-39. Nonetheless, the Ingham County Circuit Court had jurisdiction to try Lunsford on the charges because Lunsford kidnapped the victim in Ingham County and sexually assaulted her in Jackson County. See Mich.Comp.Laws Sec. 762.8.
 
 
 14
 Lastly, Lunsford's trial and appellate counsel rendered effective assistance because petitioner has not shown that the attorneys' performances were deficient and that their performances prejudiced the defense so as to render the proceedings unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Furthermore, petitioner has not shown that there is a reasonable probability that, but for trial counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 15
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.