Clyde T. **ROBERTSON**, Petitioner,

v.

Gene **HODGES**, as Chairman, Florida Parole Commission, Respondent.

No. 94–803–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

April 25, 1995.

---

Clyde T. Robertson, Tampa, FL, pro se.

Stephen Allan Baker, Atty. General's Office, Dept. of Legal Affairs, Tampa, FL, Judy A. Bone, General Counsel's Office, Dept. of Corrections, Tallahassee, FL, for respondent.

## ORDER

KOVACHEVICH, District Judge.

The cause is before the Court on Petitioner's petition for writ of habeas corpus (Docket No. 3), pursuant to 28 U.S.C. § 2254, filed May 18, 1994.

## PROCEDURAL HISTORY

On October 11, 1988, Petitioner was arrested for the offense of purchase of cocaine in violation of Section 893.13(1)(a), Florida Statutes (1987) and possession of cannabis in violation of Section 893.13(1)(g), Florida Statutes (1987). Petitioner Robertson was sentenced to community control.

Petitioner's community control sentence was revoked upon violation and, on August 1, 1989, he was sentenced to two and one-half years incarceration, less 72 days jail time credit, followed by a five year probationary term. On August 8, 1989, Petitioner entered into the custody of the Florida Department of Corrections (hereinafter "DOC") to begin serving this sentence. The two and one half year sentence was satisfied by the following components: (1) 72 days county jail time credit, (2) 239 days actual time previously served in DOC custody, (3) DOC's award of 300 days of basic gain time, (4) 91 days additional earned gain time, and (5) 301 days of provisional credits pursuant to Section 944.277, Florida Statutes (1992 Supp). On March 28, 1990, he was released on probation.

In 1991, Petitioner violated his probation by possessing marijuana. The trial court sentenced Petitioner to two years of community control for that violation. Petitioner's Exhibit C, Order of Modification of Community Control.

On October 2, 1992, Petitioner admitted to Officer Gina Vila that he had been in possession of marijuana on July 7, 1992, thereby violating his community control. Petitioner's Exhibit D–1. Thereafter, the state court issued an order to show cause why his community control should not be revoked. On December 9, 1992, his community control was revoked and he was returned to DOC custody. Petitioner's Exhibit D–2. Petitioner was sentenced to three and one-half years less two and one-half years credit for time previously served in the DOC. Pursuant to Section 944.278, Florida Statutes (1993), DOC canceled the 301 days of provisional credits incorporated into the two and one-half years credit. The DOC did not cancel basic and earned gain time previously awarded to Petitioner.

On October 12, 1993, prior to his reaching his tentative release date of March 9, 1994, Petitioner was released from DOC custody to Control Release Supervision. His early release, by order of the Control Release Authority, was based on prison overcrowding. Petitioner is to remain under control release supervision until August 3, 1995.

On March 3, 1994, Petitioner filed a petition for a writ of habeas corpus in the Florida Supreme Court on grounds of illegal sentence and *ex post facto* violation. On March 31, 1994, the state Supreme Court denied the petition per curiam without an opinion.

Petitioner then filed the present petition for writ of habeas corpus.[1] Petitioner raises two grounds for relief: (1) his sentence is illegal because a modification from probation to community control amounts to a departure from the sentencing guidelines and, (2) gain time awarded by the trial court upon sentencing as a probation violator may not be forfeited without offending the Ex Post Facto Clause, Article I, Sections 9 (cl. 3) and 10 (cl. 1), U.S. Constitution, as Petitioner's offense date predates the authority to forfeit gain time pursuant to Section 944.28, Florida Statutes (1993).

### Illegal Sentence Issue

■ A federal court is to entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Demonstration of a violation of the constitution is necessary before a federal court may entertain a petition for writ of habeas corpus. *Clarke v. State of Florida*, 648 F.Supp. 307 (S.D.Fla.1986). A federal court is not concerned with violations of state law unless the violation raises federal constitutional problems. *Wilcox v. Ford*, 813 F.2d 1140, 1145 n. 7 (11th Cir.1987), *cert. denied*, 484 U.S. 925, 108 S.Ct. 287, 98 L.Ed.2d 247 (1987). A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir.1988).

■ Ground I raises a state law sentencing issue that provides no basis for federal, constitutional habeas corpus relief. *See Branan v. Booth*, 861 F.2d 1507 (11th Cir.1988) (per curiam).

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a consti-

tutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

*McCullough v. Singletary*, 967 F.2d 530, 535–36 (11th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1423, 122 L.Ed.2d 792 (1993).

■ It is well established that federal courts cannot review a state's failure to adhere to its own sentencing procedures, even if Petitioner sets out his claims as ones of equal protection or due process. *Branan v. Booth*, 861 F.2d at 1508. Thus, Petitioner's argument that his sentence is illegal because a modification from probation to community control amounts to a departure from the sentencing guidelines does not merit habeas relief because it raises no basis for federal review.

### Ex Post Facto Issue

■ Petitioner argues that the application of Section 944.28, Florida Statutes (1990) to his 1988 offense is an *ex post facto* application of the law violative of Article I, Sections 9 (cl. 3), and 10 (cl. 1), U.S. Constitution. Section 944.28, Florida Statutes (1990), which became effective October 1, 1989, gives DOC the authority to forfeit gain time upon violation of probation or community control. *See Bradley v. State*, 616 So.2d 1156 (Fla.2d DCA 1993).

■ Petitioner's argument is without merit because the DOC did not cancel any gain time pursuant to Section 944.28, Florida Statutes (1990). *See* Respondent's Exhibit A, Affidavit of Bobby Glover.[2] The DOC canceled only the 301 days of provisional credits

---

1. The state has not raised any exhaustion issues.

2. Petitioner's Exhibit F does not establish that Section 944.28, Florida Statutes (1990), was applied in Petitioner's case.

pursuant to Section 944.278, Florida Statutes (1993).[3]  Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied, with prejudice, and the Clerk is directed to close this case.

DONE AND ORDERED.

**3.**  Petitioner does not complain about the cancellation of the provisional credits, other than to allege that had the DOC not misapplied the 1990 statute, the DOC could not have canceled his provisional credits because he would not have been incarcerated at the time the 1993 statute became effective.