[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10829
Non-Argument Calendar

_____

D. C. Docket No. 07-21696-CV-ASG

RAY ANTHONY POLLOCK,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2009)

Before EDMONDSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Ray Anthony Pollock, a Florida state prisoner proceeding pro se, appeals the district court's denial of his federal habeas petition, 28 U.S.C. § 2254. No reversible error has been shown; we affirm.

Appellant, who is serving a 30-year sentence for a 1992 burglary offense, maintains that he is entitled to a "basic gain-time" sentence reduction under Florida law. Appellant's efforts to obtain the reduction in state court were unavailing: the state determined that because Appellant was sentenced as an habitual offender, he was entitled to no basic gain-time award.[*] The district court adopted the magistrate judge's report and recommendation denying Appellant habeas relief: (1) Appellant was eligible for no basic gain-time under Florida law; and (2) a challenge to a state court's interpretation and application of its own statutes and sentencing provisions is not cognizable on federal habeas corpus review.

Appellant argues that the district court erred in its interpretation and application of the Florida gain-time and habitual offender statutes. According to Appellant, the district court failed to recognize that Appellant had a liberty interest

_____

[*]Fla. Stat. § 944.275 (as in effect when Appellant committed his offense) provided generally for two types of gain-time: (1) basic gain-time was to be awarded (subject to forfeiture) upon an eligible inmate's entrance into the system at the rate of 10 days for each month of the sentence imposed; and (2) incentive gain-time could be awarded on a monthly basis based on behavior and work performance. Fla. Stat. § 775.084 (as in effect when Appellant committed his offense) provided specifically that habitual offenders -- such as Appellant -- were ineligible for basic gain-time; incentive gain time could be earned. Florida has eliminated the award of basic gain-time altogether for offenses committed on or after 1 January 1994.

2

in a basic gain-time award and that the liberty interest implicated his due process rights.

Federal courts only may entertain a petition for habeas corpus relief filed by a state prisoner if it is based "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant no habeas relief on claims that were earlier adjudicated on the merits in state court, unless the state court's decision meets one of these tests: (1) it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court;" or (2) it is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"[S]tate statutes may create liberty interests that are entitled to procedural protections of the Due Process Clause," Vitek v. Jones, 100 S.Ct. 1254, 1261 (1980). A due process constitutional deprivation subject to federal habeas remedy is stated, if at all, only when the petitioner shows "a legitimate claim of entitlement ... through statutory language creating a protectable expectation." Slocum v. Georgia State Bd. of Pardons & Paroles, 678 F.2d 940, 941 (11th Cir. 1982).

Florida determined that Appellant was statutorily ineligible to receive the basic gain-time credits he seeks; the state statutes upon which Appellant relies

support no "legitimate claim of entitlement" and create no "protectable expectation. That Appellant casts his quarrel with Florida's interpretation and application of Florida law in constitutional due process terms fails to transform a claimed violation of state statutes into a constitutional deprivation. No argument is made that Appellant was granted basic gain-time that the state later took away, that the procedures employed by the state failed to pass constitutional muster, or that acts of the state implicated the Ex Post Facto Clause. Appellant's due process claim is without merit.

Appellant's claim that the state forum interpreted and applied improperly its gain-time statute is not cognizable on federal habeas review. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions); see also, Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) ("a habeas petition grounded on issues of state law provides no basis for habeas relief" even when couched in due process terms). No error has been shown in the denial of federal habeas relief.

AFFIRMED.