[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2011
JOHN LEY
CLERK

No. 10-10528
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-00193-RAL-TBM

ROBERT GRABER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 15, 2011)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Robert Graber, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We granted a certificate of appealability ("COA") on the issue of:

> Whether the district court erred in concluding that Graber had failed to state a claim for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, when he alleged that he had been illegally sentenced above the statutory maximum.

For the reasons stated below, we answer that question in the negative.

## I.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008) (quotation marks omitted). A petitioner's claim that his sentence exceeds the maximum authorized by state law "properly falls within the scope of federal habeas corpus review because 'the eighth amendment bars a prison sentence beyond the legislatively created maximum.'" Echols v. Thomas, 33 F.3d 1277, 1279 (11th Cir. 1994) (quoting Ralph v. Blackburn, 590 F.2d 1335, 1337 n.3 (5th Cir. 1979)).[1] By contrast, a petitioner's challenge to state sentencing guidelines is

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

outside the scope of federal habeas corpus review.  See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (explaining that habeas petitions based on issues of state law do not provide a basis for relief and that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

Graber was convicted of third-degree murder, a second degree felony under Florida law, and was sentenced to 20 years imprisonment in accordance with state sentencing guidelines.  See Fla. Stat. § 782.04(4) (1997).  He argues that the district court erred in dismissing his § 2254 petition because his 20-year sentence exceeded the 15-year maximum sentence provided in Fla. Stat. § 775.082(3)(c) (1997) for second-degree felonies.  However, under Fla. Stat. § 921.001(5) "[i]f a recommended sentence under the [sentencing] guidelines exceeds the maximum sentence otherwise authorized by § 775.082, the sentence under the guidelines must be imposed, absent a departure."  Fla. Stat. § 921.001(5) (1997) (emphasis added).  Because Graber's sentence was based on state sentencing guidelines, his claim falls outside the scope of federal habeas corpus review.  See Branan, 861 F.2d at 1508.  Accordingly, the district court did not err in denying Graber's § 2254 habeas petition.

AFFIRMED.