Martin CARRIZALES, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Department of Corrections, and Jim Smith, Attorney General, Respondents.

No. 82–5412

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 7, 1983.

Robert E. Pyle, Lake Alfred, Fla., for petitioner.

Peggy A. Quince, Asst. Atty. Gen., Tampa, Fla., for respondents.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Martin Carrizales was convicted of first degree murder. We affirm the denial of habeas corpus relief against the argument that a self-defense instruction was not sufficient to adequately explain Florida law.

The facts adduced at trial revealed that defendant Carrizales had spent most of Sunday, April 13, 1975, riding around in a car with his friends. He and his friends had consumed substantial quantities of alcoholic beverages in the course of the day. Some time during the day, they were joined by Faustino Gonzalez, who was carrying a revolver on his person. Gonzalez had also been drinking and while they were all together, he fired his revolver into the air several times, causing some apprehension among the group.

That same evening Carrizales and Gonzalez met again at Wauchula Plaza, a shopping center. A quarrel resulted in a fistfight. Once their friends intervened, the fight stopped. Gonzalez, however, continued to push and shove Carrizales. When Gonzalez again raised his revolver, Carrizales ran to a nearby service station. There Carrizales met Jose Lopez who drove him home. Carrizales got a rifle and drove back to the Wauchula Plaza with Lopez, arriving there at approximately 11:30 p.m. He got out of the car at the service station and asked Lopez to tell Gonzalez he wished to speak with him and make friends. Before Lopez reached Gonzalez, Carrizales fired two shots, one of which struck Gonzalez, who died shortly thereafter of a gunshot wound.

Carrizales complains that the state court failed to give a requested jury instruction on the content of Fla.Stat.Ann. § 782.11 (West 1976), which, he says, if applicable, would make the homicide manslaughter, a second degree felony, rather than first degree murder. This section reads:

> Whoever shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter, a felony of the second degree, . . . .

Carrizales's argument seems to be that the failure of the trial court to give this instruction somehow hampered his defense that he was acting in self-defense when he shot Gonzalez. The Florida Supreme Court has specifically rejected that exact proposition in this case in *State v. Carrizales*, 356 So.2d 274, 275–76 (Fla.1978). The Court held that it was not error for the trial judge to refuse the instruction, and that the defense incorporated in section 782.11 was not conceptually related to the defense of self-defense.

Necessary to Carrizales's success on appeal here is the proposition that the Florida Supreme Court erred in construing the laws of Florida. In fact, Carrizales's claim involves a pure question of state law. Questions of pure state law do not raise

issues of constitutional dimension for federal habeas corpus purposes. *Llamas-Almaguer v. Wainwright,* 666 F.2d 191, 193 (5th Cir., Unit B, 1982). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir.1981). The pronouncement by the Florida Supreme Court that section 782.11 does not encompass the defense presented by Carrizales at his trial is binding on this Court.

Even assuming Carrizales could demonstrate that his trial court erred in failing to give the requested instruction, it still does not establish a constitutional claim here. A defective jury charge raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair. *Smith v. Smith,* 454 F.2d 572, 579 (5th Cir.1971), *cert. denied,* 409 U.S. 885, 93 S.Ct. 99, 34 L.Ed.2d 141 (1972). Carrizales's entire defense consisted of the allegation that he shot Gonzalez only when he observed Gonzalez pointing a gun at him, *i.e.,* in self-defense. It has never been alleged by Carrizales that an adequate jury instruction on self-defense was not given. The Florida Supreme Court specifically observed that such an instruction had been given. Carrizales's trial would not have been rendered fundamentally unfair by the failure of the trial court to give the instruction on section 782.11, even if defendant's interpretation of the statute was correct.

Although another issue concerning denial of a suppression motion was raised before the district court, it was properly decided for the reasons set forth in the magistrate's opinion.

For the record, we note that Carrizales's conviction was initially reversed by the Florida Second District Court of Appeal. *Carrizales v. State,* 345 So.2d 1113 (Fla.Dist. Ct.App.1977). The Supreme Court reversed on the ground that the instruction here requested was not required, and remanded for consideration of other grounds. *State v. Carrizales,* 356 So.2d 274 (Fla.1978). The Second District Court of Appeal found no

merit to the other points. *Carrizales v. State,* 357 So.2d 447 (Fla.Dist.Ct.App.1978). Certiorari was denied by the Florida Supreme Court. *Carrizales v. State,* 361 So.2d 831 (Fla.1978).

AFFIRMED.