**Carl Stephen MOSELEY, Petitioner,**

v.

**James B. FRENCH, Warden, Central Prison, Respondent (2 Cases).**

**Nos. 1:97CV1239, 6:97CV171.**

United States District Court, M.D. North Carolina.

April 16, 1998.

Paul MacAllister Green, Durham, NC, Jonathan Broun, Center for Death Penalty Litigation, Durham, NC, for Petitioner.

Valerie B. Spalding, N.C. Dept. of Justice, Raleigh, NC, for Respondent.

## *ORDER*

ELIASON, United States Magistrate Judge.

In both of the above-captioned cases, petitioner is seeking federal habeas corpus relief from his death penalty sentence. In each case, petitioner has filed the following motions: (1) Motion to Hold Case in Abeyance Pending Establishment and Utilization of the State Court Remedies, (2) Motion for Leave to Conduct Discovery, and (3) Motion for Approval to Obtain the Expert Services of a Forensic Pathologist. The last two motions are self-explanatory. The first one is a bit unusual. Essentially, petitioner claims that the state post-conviction proceedings failed to comply with North Carolina law. He wants to litigate and/or relitigate the matter in state court, all the while having this Court abstain from any ruling on his habeas petition.

### I.

### Case No. 1:97CV1239

### (Forsyth County Case)

The first motion contends that the State failed to comply with recently enacted N.C.G.S. § 15A–1415(f) (effective June 21, 1996). That statute controls motions for appropriate relief after conviction. Subsection (f) requires, in a capital case, that defendant's trial and appellate counsel turn over their files to post-conviction counsel. The State, to the extent allowed by law, must also turn over the files of law enforcement and prosecutorial agencies involved in the investigation or prosecution.

Petitioner admits that the issue of discovery concerning the amendments to N.C.G.S. § 15A–1415(f) was raised in the petition for certiorari to the North Carolina Supreme Court. That petition was denied. Petitioner attempts to claim that the State was responsible for the North Carolina Supreme Court

failing to review his petition for certiorari and not granting relief. His reasoning is as follows. His post-conviction petition was pending when N.C.G.S. § 15A–1415(f) became effective. The State submitted a proposed order to the state court and allegedly did not inform the court of the recent changes to N.C.G.S. § 15A–1415. The state court denied the post-conviction motion. Petitioner blames the State, evidently because it did not tell the state court about the new changes. What this would have accomplished, petitioner does not explain. Petitioner implicitly admits that he never informed the court about the changes either, nor did he file a motion requesting N.C.G.S. § 15A–1415(f) material.

Petitioner informs the Court that he believes the North Carolina Supreme Court will now likely rule that he was entitled to the benefits of N.C.G.S. § 15A–1415(f) because his post-conviction petition was pending when the subsection became effective. He concludes that he will be allowed the Section 1415(f) material and be allowed to file a new motion for appropriate relief in state court. While petitioner expresses confidence that the above related scenario will take place, he wants this action stayed rather than dismissed as not exhausted in order to hedge his bets.

■ The Court finds petitioner's motion (docket no. 10) is not well-taken. In making application to proceed in this Court, petitioner never mentioned that he was still pursuing or contemplating pursuing state court remedies. Also, petitioner's claim lacks merit because, as respondent points out, the North Carolina Supreme Court had this very question before it when it denied his petition for certiorari. Petitioner attempts to avoid the force of this argument by pointing to other state cases where the state supreme court has granted certiorari. These cases simply do not apply to him. Petitioner's and respondent's supplements to the instant motion before this Court show that petitioner has attempted to raise the issue in the state trial court and made a motion for discovery under the new statute. He was denied relief. In mid-February 1998, he filed a petition for certiorari to the North Carolina Supreme

Court. There has as yet been no action. None of these facts provide any reason for delay in this action. Petitioner has exhausted his state court remedies. In the event the state court grants discretionary relief, this Court will revisit the matters raised here.

■ Finally, petitioner seeks a stay and discovery because he has sought records from the F.B.I. through the Freedom of Information Act and the Privacy Act. These facts, however, do not support a stay. Petitioner fails to show that these records would permit him to file a second motion for appropriate relief in state court. There is no showing that any relevant information will turn up and that petitioner was somehow prevented from discovering this information at an earlier time.

The next motion concerns petitioner's request to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases. (Docket No. 14) He seeks to inquire into five areas. He wants the sign-up sheets from a drinking club which had a connection with the murder, financial rewards paid to State witnesses by CrimeStoppers, forensic hair comparisons conducted by the State Bureau of Investigation ("S.B.I."), access to hair evidence in the possession of the S.B.I. for independent testing, and further information about Mark Lamb's statement and a threatening black haired man.

For cause, petitioner contends that the State suppressed the statement of a person named Mark Lamb to Detective Lemons. In this case (the Forsyth County murder case), petitioner contends that the State suppressed a statement of Mark Lamb to Detective Lemons concerning the Stokes County case. This statement was that a person other than petitioner pushed the Stokes County victim and threatened her. Petitioner claims that the victims in both cases had foreign hairs underneath their fingernails of the same color as this person. (He does not inform the Court whether these hairs were also the same color as petitioner's hair.) Petitioner states that the suppression of this statement in the Forsyth County case violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490

(1995), by suppressing exculpatory or impeaching evidence.

■ The Court finds petitioner has failed to show good cause for discovery for a variety of reasons. First, discovery in federal habeas corpus cases is and should be the rare instance, not a common one. As the Supreme Court stated in *Bracy v. Gramley,* 520 U.S. 899, 117 S.Ct. 1793, 1796–97, 138 L.Ed.2d 97 (1997),

> A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Thus, in *Harris v. Nelson,* 394 U.S. 286, 295, 89 S.Ct. 1082, 1088–1089, 22 L.Ed.2d 281 (1969), we concluded that the "broad discovery provisions of the Federal Rules of Civil Procedure did not apply in habeas proceedings."

Under the current rules, petitioner must demonstrate good cause by presenting specific allegations that if the facts were developed, petitioner would be entitled to relief. *Id.* 520 U.S. at ——, 117 S.Ct. at 1799. Instead, petitioner's allegations are general and speculative. Second, because federal habeas courts only examine issues first raised and decided in state court, a petitioner may only conduct discovery to the extent he can show "the state court fact finding procedures were inadequate. *See Roach v. Martin,* 757 F.2d 1463, 1470 & n. 6 (4th Cir.1985)." *Pruett v. Thompson,* 771 F.Supp. 1428, 1458 (E.D.Va.1991), *aff'd,* 996 F.2d 1560 (4th Cir.), *cert. denied,* 510 U.S. 984, 114 S.Ct. 487, 126 L.Ed.2d 437 (1993).

■ Petitioner's motion fails to demonstrate good cause. First, he makes no showing (1) how he was prevented from fully raising and litigating this matter in state court, (2) the results of his efforts, and (3) the decision, if any, of the state court. Second, he fails to show that the lack of discovery necessarily critically vitiated the state court fact-finding process and the findings themselves. He also fails to identify the findings and legal conclusions affected. *De-Long v. Thompson,* 790 F.Supp. 594, 615–616 (E.D.Va.1991), *aff'd,* 985 F.2d 553 (4th Cir. 1993). Therefore, petitioner fails to show good cause for conducting discovery and the same will be denied.

■ Petitioner also made an application to obtain expert services pursuant to 21 U.S.C. § 848(q)(4)(B) & (q)(9), and 18 U.S.C. § 3006A(e). (Docket No. 15) In this motion, petitioner wants a forensic pathologist to assist in preparing his contention that trial counsel was ineffective for not obtaining a pathologist. By their terms, 18 U.S.C. § 3006A(e)(1) requires a petitioner to show expert services are "necessary," and 21 U.S.C. § 848(q)(9) requires a showing that such services are "reasonably necessary." In making this decision, a district court must determine whether the forecasted evidence will require an evidentiary hearing. *Lawson v. Dixon,* 3 F.3d 743, 753 (4th Cir.1993), *cert. denied,* 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 556 (1994). If no hearing will be held, there obviously will be no need for an expert. As with the matter of whether to allow discovery in Section 2254 habeas actions, a petitioner seeking expert services must identify the state court findings and conclusions which are impaired, thereby making a federal hearing necessary. The petitioner bears the burden of making a preliminary showing of "necessity." *Burris v. Parke,* 116 F.3d 256, 259 (7th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 462, 139 L.Ed.2d 395 (1997). Petitioner has neither forecasted any evidence nor made the required preliminary showing. Therefore, the motion will be denied. If, after reviewing petitioner's claims on the merits, the Court should find a need for an evidentiary hearing on the matter, it will reconsider this ruling.

## II.

### Case No. 6:97CV171

### (Stokes County Case)

This case, which involves petitioner's conviction for murder in Stokes County, contains the same motions which were discussed above with slight differences. The application for expert services (docket no. 26) is based on petitioner's claim that the state court violated his rights under *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), when it denied trial counsel's motion for appointment of an expert

pathologist. Petitioner argues that this error will at least require a new sentencing hearing in state court. However, it is not explained how the denial makes the state court fact-finding procedure inadequate so as to require an evidentiary hearing in this Court. What petitioner does appear to claim is that if the Court finds error, but refuses to overturn the conviction based on a harmless error analysis under *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), then he needs the services of a pathologist in order to prove actual prejudice.

■ The Court denies petitioner's motions for two reasons. First, there has been an insufficient forecast that an expert could provide helpful information. Second, the request is premature. The *Ake* claim will be determined upon a review of the habeas petition on the merits. There is no need to incur the expense to demonstrate prejudice until petitioner has established an initial violation of *Ake*. Therefore, petitioner's request for expert services (docket no. 26) shall be denied.

■ Petitioner also requests to conduct discovery (docket no. 27). However, because he evidently has no colorable claim of a *Brady* violation in the Stokes County case, he rests his theory on the fact that in the state post-conviction proceedings he sought discovery under recently enacted N.C.G.S. § 15A–1415(f). He concludes the state court erred by not providing him this discovery and, therefore, evidently he feels this Court should. This request for discovery lacks good cause because it is premised on a violation of his rights under state law, not federal law. As stated in *Miller v. Singletary*, 958 F.Supp. 572, 579 (M.D.Fla.1997),

> Neither the Fifth nor the Fourteenth Amendment guarantees a criminal defendant the right of discovery. This is purely a matter of state law and is not cognizable pursuant to 28 U.S.C. § 2254. *Carrizales v. Wainwright*, 699 F.2d 1053, 1054 (11th Cir.1983).

■ Petitioner also requests that this Court conduct an *in camera* review of the State's entire investigative and prosecutorial files in order to determine whether any matter was exculpatory. He asserts he needs this discovery in order to determine whether an evidentiary hearing is necessary. As discussed above, that puts the cart before the horse. In habeas actions, discovery is allowed in order to prepare for an evidentiary hearing, but not to merely fish around for evidence to manufacture a claim. Petitioner fails to show good cause by making specific allegations that discovery is necessary and fails to show the adequacy of state court factual proceedings and conclusions are implicated so that this discovery procedure would be necessary. To the extent this claim is premised on an alleged right to discovery under state law, it is not cognizable here.

Finally, petitioner also filed a motion to hold this case in abeyance (docket no. 45). In this matter, petitioner's post-conviction relief motion was denied July 1, 1996, a few days after the effective date of N.C.G.S. § 15A–1415(f). Petitioner then specifically raised this issue in his petition for certiorari to the North Carolina Supreme Court. That court denied certiorari. Petitioner's situation in this instance is no different than the one previously discussed concerning the Forsyth County case. For the same reasons, the motion shall be denied.

**IT IS THEREFORE ORDERED** that in Case No. 1:97CV1239, petitioner is motion to hold this case in abeyance (docket no. 10), his request for leave to conduct discovery (docket no. 14), and his application for the appointment of expert services (docket no. 15) be, and the same hereby are, denied.

**IT IS FURTHER ORDERED** that in Case No. 6:97CV171, petitioner's motion for expert services (docket no. 26), his motion for leave to conduct discovery (docket no. 27), and his motion to hold this case in abeyance (docket no. 45) be, and the same hereby are, denied.