[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2005
THOMAS K. KAHN
CLERK

No. 04-13252
Non-Argument Calendar

_____

D.C. Docket No. 02-00766-CV-1-CG-L

_____

RONALD MARLTEIZ CURRY,

Petitioner-Appellant,

versus

GRANT CULLIVER, Warden

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 15, 2005)

Before ANDERSON, BIRCH, and BARKETT, Circuit Judges.

PER CURIAM:

Ronald Marlteiz Curry, an Alabama prisoner convicted of murder and

serving a term of life imprisonment without possibility of parole, proceeding pro

se, appeals the district court's denial of his habeas corpus petition, which was brought pursuant to 28 U.S.C. § 2254. On appeal, Curry argues that, in 1999, he was sentenced as a habitual offender to life imprisonment without parole under Ala.Code 1975 § 13A-5-9.[1] At that time, such a sentence was mandatory and the sentencing judge was granted no discretion. The Alabama legislature subsequently amended §13A-5-9, such that trial judges were granted authority to retroactively consider early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections ("DOC") and approved by the Board of Pardons, provided that such offenders had no prior Class A felony convictions. The Alabama Supreme Court recently held in Kirby v. State, 899 So.2d 968, 971-72 (Ala. 2004), that Alabama trial courts now have authority to consider prisoners' motions for reduction of sentence under that statute. Curry argues he qualifies for a sentence reduction under that statute, and, therefore, he is entitled to a review of his sentence.

---

[1] In his brief, Curry also alleges ineffective assistance of counsel. We granted Curry's certificate of appealability solely on the issue of his claim pursuant to Kirby. As such, we will only review that claim. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

2

This Court reviews <u>de novo</u> a district court's denial of a habeas petition under 28 U.S.C. § 2254. <u>See</u> <u>Sims v. Singletary</u>, 155 F.3d 1297, 1304 (11th Cir. 1998). Factual findings are reviewed for clear error. <u>Id.</u>

Under the Alabama Habitual Felony Offender Act ("AHFOA"), in all cases when it is shown that a criminal defendant has been previously convicted of any three felonies, none of which are Class A felonies, and after such convictions has committed another felony, which is a Class A felony, such defendant must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court. Ala.Code 1975 § 13A-5-9(c)(3). In 2001, the Alabama legislation adopted a statute which provided as follows:

> The provisions of Section 13A-5-9 [including § 13A-5-9(c)(3), described above,] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Ala.Code 1975 § 13A-5-9.1.

After the district court's decision in the instant case, the Alabama Supreme Court held that "§13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the [A]HFOA and provides that the court is to consider the evaluation of the DOC in

3

considering the inmate's motion." Kirby, 899 So.2d at 971. The court further held that § 13A-5-9 "confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to 'nonviolent convicted offenders'." Id. Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to reconsider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board. Id. at 974.

Here, the district court denied Curry's AHFOA habeas claim after finding that a prisoner cannot pursue relief under the AHFOA until the procedures outlined therein had been implemented by the DOC. The Kirby decision clearly vitiates this finding, as it held that a trial court has jurisdiction under § 13A-5-9.1 to consider a prisoner's motion for sentence reduction and to determine whether a prisoner qualifies for parole as a nonviolent offender, with or without evaluations from the DOC. See Kirby, 899 So.2d at 971.

Section 2254, however, provides the remedy for a state prisoner who claims that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a

4

constitutional nature is involved." <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted).

Curry's claim on appeal is that he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1. This is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. <u>See</u> <u>Carrizales</u>, 699 F.2d at 1055. Because Curry's claim that he is entitled to a sentence reduction under Alabama state law provides no basis for federal habeas corpus relief, we affirm the denial of this § 2254 claim.[2] Moreover, <u>Kirby</u> now establishes an avenue of review for prisoners such as Curry, which Curry has not yet exhausted.

**AFFIRMED.**

---

[2] We may affirm a decision of the district court "on any adequate ground, even if it is other than the one on which the court actually relied." <u>Parks v. City of Warner Robins</u>, 43 F.3d 609, 613 (11th Cir. 1995).