[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13363
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00647-CV-ORL-22DAB

ANDRE APPLEWHITE,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 19, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Andre Applewhite is a Florida prison inmate.  In 2003, a jury

found him guilty of escape.  Because he was a habitual felony offender, the court

sentenced him to imprisonment for 30 years.  His conviction and sentence were

affirmed on appeal, Applewhite v. State, 874 So.2d 1276 (Fla. 5th DCA 2004).

After his motion for post-conviction relief, see Fla. R. Crim. P. 3.850, was denied,

he commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254. The

district court denied his petition and his application for a certificate of appealability

("COA").  We granted a COA, and thus petitioner's leave to appeal, with respect to

one issue: "Whether the district court erred in denying Applewhite's claim that the

state's special jury instruction amounted to a directed verdict of guilt as to the

charge of escape, in violation of his due process rights."[1]

I.

In 2002, petitioner was a Florida prison inmate.  He was charged with the

escape offense at issue here because, according to the State, he intentionally

escaped or attempted to escape the custody of a law enforcement official while

being transported to or from a place of confinement, in violation of Fla. Stat.

§ 944.40.  At his trial, the court instructed the jury on escape as follows:

---

[1]We decline to consider petitioner's claim on appeal that the jury instructions violated
Supreme Court precedent defining "arrest" because it is a substantive issue that falls outside the
scope of the COA.  See Newland v. Hall, 527 F.3d 1162, 1166 n.4 (11th Cir. 2008), cert. denied, 129
S.Ct. 1336 (2009) ("Our review is limited to the issues enumerated in the COA.").

Before you can find the defendant guilty of Escape, the State must prove the following three elements beyond a reasonable doubt:

> 1. The defendant was *under arrest and in the lawful custody* of a law enforcement official.
>
> 2. While a prisoner, the defendant was being transported to a place of confinement.
>
> 3. The defendant escaped or attempted to escape by intending to avoid lawful confinement.

The court also gave the following special jury instruction over petitioner's objection:

> It is not necessary for you to find or for the State of Florida to prove the law enforcement official had completed the act of acquiring total physical control of the defendant in the instant of escape or attempted escape so long as it is proven the law enforcement official had 1) *a right to legal custody* of the defendant and 2) there was a conscious and intentional act of the defendant in leaving or attempting to leave the established area of such custody.
>
> "Transportation to a place of confinement" begins at the time an individual is placed under arrest.

In appealing his conviction, petitioner argued that the trial court "deprived [him] of due process" by giving the State's special jury instruction on escape, "which amounted to a directed verdict of guilt" on that charge, and that the jury instructions "were fundamentally unfair to the accused." The district court of appeal disagreed, concluding that the trial court did not abuse its discretion in giving the challenged instruction because it was consistent with Florida law as

3

explained in State v. Ramsey, 475 So.2d 671, 672 (Fla. 1985), and "more to the point, [was] pertinent to the particular facts presented in [the appellant's] case." The court summarized the holding in Ramsey as follows: "[A] defendant, who upon being informed that he was under arrest, ran from scene . . . was properly charged with escape, notwithstanding that he had not been restrained and arrest procedure had not progressed to point where officer had removed handcuffs from their carrying place."

In denying petitioner habeas relief, the district court noted that (1) jury instructions that correctly state the law do not deprive a defendant of due process, (2) jury instructions that are incorrect under state law provide no basis for federal habeas relief, and (3) relief would be proper only if the instruction "so infected the entire trial that the resulting conviction violates due process." The court then found that the district court of appeal's conclusion that the trial court did not err by giving the special jury instruction was not objectively unreasonable because the instruction "was a correct statement of Florida law."

## II.

Section 2254 of Title 28 of the United States Code provides a remedy for a state prisoner who claims that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Anti-

Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). The phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003).

In general, questions of state law rarely raise issues of federal constitutional significance and, therefore, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); see also Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (stating that the writ of habeas corpus was not enacted to enforce state-created rights). Where the claim is merely that a jury instruction was incorrect under state law, federal habeas relief is not available. Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S.Ct. 475, 481-82, 116 L.Ed.2d 385 (1991). Accordingly,

we review errors in state jury instructions in the § 2254 context solely to determine whether the alleged errors were so critical or important to the outcome of the trial that they rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

The Due Process Clause "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." Francis v. Franklin, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985); see In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970) (holding that due process requires proof beyond a reasonable doubt of every fact necessary to constitute the crime charged). "[A] conclusive presumption on [an] issue . . . is the functional equivalent of a directed verdict on that issue." Connecticut v. Johnson, 460 U.S. 73, 84, 103 S.Ct. 969, 976, 74 L.Ed.2d 823, 832 (1983); see Smelcher v. Att'y Gen. of Ala., 947 F.2d 1472, 1476 (11th Cir. 1991) ("It is beyond dispute that a judge may not direct a verdict of guilty in a criminal jury trial.").

In contrast to a mandatory presumption, which "instructs the jury that it must infer the presumed fact if the State proves certain predicate facts," a permissive inference "suggests to the jury a possible conclusion to be drawn if the State

proves predicate facts, but does not require the jury to draw that conclusion." Francis, 471 U.S. at 314, 105 S.Ct. at 1971. A permissive inference does not violate the Due Process Clause as long as the suggested conclusion "is . . . one that reason and common sense justify in light of the proven facts before the jury." Id. at 314-15, 105 S.Ct. at 1971. This is true because "the State still has the burden of persuading the jury that the suggested conclusion should be inferred based on the predicate facts proved." Estelle, 502 U.S. at 78-79, 112 S.Ct. at 485.

To determine whether an impermissible evidentiary presumption arose following a particular instruction, courts first must consider the specific language challenged. Francis, 471 U.S. at 315, 105 S.Ct. at 1971. If there is "a reasonable likelihood" that the jury understood "a specific portion of the jury charge, considered in isolation . . . as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole" in order to determine if other instructions "explain the particular infirm language." Boyde v. California, 494 U.S. 370, 378-80, 110 S.Ct. 1190, 1197-98, 108 L.Ed.2d 316 (1990); Francis, 471 U.S. at 315, 105 S.Ct. at 1971.

In Francis, the defendant was charged with malice murder under Geogia law and "intent to kill" was an essential element of that charge. See Francis, 471 U.S.

7

at 316 n.4, 105 S.Ct. at 1972 n.4. The Supreme Court held that a jury instruction that "[t]he acts of a person of sound mind and discretion are presumed to be the product of the person's will," and that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts" created a mandatory presumption that violated the defendant's due process rights, even though the trial court also instructed the jury that "the presumption may be rebutted." *Id.* at 315-18, 105 S.Ct. at 1971-73 (quotations omitted); see also Sandstrom v. Montana, 442 U.S. 510, 512-13, 524, 99 S.Ct. 2450, 2453, 2459, 61 L.Ed.2d 39 (1979) (rejecting a similar instruction where the defendant was charged with deliberate homicide).

By contrast, in a case where the defendants were charged with illegally possessing firearms found in an automobile, the Supreme Court upheld, as a permissive inference, an instruction that the jurors "were entitled to infer possession from the defendants' presence in the car." County Court of Ulster County, N.Y. v. Allen, 442 U.S. 140, 145, 157-65, 99 S.Ct. 2213, 2218, 2224-29, 60 L.Ed.2d 777 (1979). There, the jury instructions, as a whole, made it clear "that the [permissive] presumption was merely a part of the prosecution's case," and that the state retained the burden of proving possession beyond a reasonable doubt "without regard to how much evidence the defendants introduced." Id. at 160-62,

8

99 S.Ct. at 2226-27.  Further, under the facts of the case, it was rational for the jury to make the connection permitted by the inference.  Id. at 163-67, 99 S.Ct. at 2228-29; see also Baxter v. Thomas, 45 F.3d 1501, 1509 (11th Cir. 1995) (holding, in a pre-AEDPA habeas case, that an instruction that the state's proof of certain predicate facts "would be a circumstance along with the other evidence in the case from which the jury may infer the guilt of the defendant" was a permissive inference that was not "irrational").

We conclude that the district court properly denied the due process claim at issue.  The challenged special jury instruction did not create a mandatory presumption that amounted to a directed verdict on the charge of escape because, unlike the instructions previously rejected by the Supreme Court, it contained no burden shifting language.  When read in conjunction with the standard jury instructions the trial court gave, the instructions, as a whole, merely clarified the definition of "under arrest and in custody" pursuant to Florida law and the circumstances under which the jury could conclude that the State had met its burden of proof.  Furthermore, such a conclusion was not irrational on the facts of the case.  Thus, petitioner failed to establish either an independent due process violation or that the district court of appeal decision was contrary to, or involved an unreasonable application of, clearly established Federal law.

AFFIRMED.