[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10150
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cv-60099-UU

CRAIG BROUGHTON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2013)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Craig Broughton, a state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus, in which he challenged his state court conviction for burglary under Florida Statutes § 810.02(1)(b).  Broughton claims his federal due process rights were violated because the trial evidence was insufficient to prove each element of his burglary offense.  After review, we affirm.

## I.  DUE PROCESS CLAUSE

The Due Process Clause of the Fourteenth Amendment requires the state to prove each element of the offense charged beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 315, 99 S. Ct. 2781, 2787 (1979).  Under Jackson, federal courts must look to state law for the substantive elements of the offense, but to federal law for the determination of whether the evidence was sufficient under the Due Process Clause.  Coleman v. Johnson, 566 U.S. ___, ___, 132 S. Ct. 2060, 2064 (2012).

Florida law defines the crime of burglary as "[e]ntering a dwelling, structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter."  Fla. Stat. § 810.02(1)(b).  Burglary constitutes a second degree felony when the defendant enters an unoccupied dwelling.  Id. § 810.02(3)(b).  "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus

2

relief, since no question of a constitutional nature is involved." <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983); <u>see also</u> <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000).  For federal due process review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u>, 443 U.S. at 319, 99 S. Ct. at 2789.

## II.    BROUGHTON'S CLAIM

The district court did not err in denying Broughton's sufficiency of the evidence due process claim.  Broughton was convicted of burglarizing an apartment while the owner was away.  Broughton does not contest that a burglary occurred and that the apartment owner's testimony established that no one had permission to enter the apartment on the day in question.  Broughton's claim turns on whether the state court's determination—that a rational trier of fact could have found that Broughton was the individual who committed the burglary—was "contrary to" or "an unreasonable application of" <u>Jackson</u>. <u>See</u> 28 U.S.C. § 2254(d).[1]

---

[1]Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, a federal court may not grant habeas relief on a state prisoner's claim that was denied on the merits in state court unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

The evidence introduced at trial showed that police found Broughton's fingerprint on the outside of the broken window frame used as the point of entry for the burglary. When asked whether he had ever been to the apartment building or the surrounding area before, Broughton told investigators that he had not and stated that there was no reason his fingerprint would be at the crime scene. Based on this statement, a rational trier of fact could reasonably infer that Broughton's fingerprint was left there at the time of the burglary.

Broughton argued to the state court, and asserts again on appeal, that the evidence established that the area behind the apartment building was a common parking lot accessible to the general public. However, in his trial testimony, the apartment owner stated that the parking lot was only for use by the apartment building's residents, specifically stating that even guests of residents were not permitted to use the parking lot. Viewed in the light most favorable to the prosecution, the evidence showed that Broughton's fingerprint was found at the scene of the burglary in a private location where he told police that he had never been before. [2]

_____

United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

[2]Because Broughton's fingerprint was found in a private location, his case is materially distinguishable from the cases he cites in his appeal brief involving a fingerprint found in public location. Further, to the extent Broughton relies on Florida case law, relief under § 2254 is only appropriate where a violation of clearly established federal, not state, law is shown. See Carrizales, 699 F.2d at 1055.

Based on this evidence, the state court's conclusion—that a rational trier of fact could have found beyond a reasonable doubt that Broughton committed the offense of burglary of an unoccupied dwelling—was not contrary to or an unreasonable application of <u>Jackson</u>, and the state court's determination of the facts in light of the state's evidence was not unreasonable.  Accordingly, we affirm.

**AFFIRMED.**