[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11964
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00225-WHA-CSC


ARTHUR BRENNAN MALLOY,

                                                              Petitioner-Appellant,

versus

WARDEN, ALABAMA DEPARTMENT OF CORRECTIONS,
THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,

                                                              Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 7, 2019)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Arthur Brennan Malloy, a state prisoner proceeding pro se, appeals the district court's denial of his motion to reduce his sentence under Alabama Code § 13A-5-9.1, which it construed as a successive 28 U.S.C. § 2254 petition. On appeal, Malloy argues that his petition is not successive because he is challenging two state court decisions denying his two previous motions under the Alabama statute and not his original conviction, and because he is attacking parole issues that did not arise until after his petition was dismissed. After thorough review, we affirm.

We review de novo whether a petition for a writ of habeas corpus is second or successive. Ponton v. Sec'y, Fla. Dep't of Corr., 891 F.3d 950, 952 (11th Cir. 2018). We hold pro se pleadings to a less stringent standard than counseled pleadings and will liberally construe them "to discern whether jurisdiction to consider [a] motion can be founded on a legally justifiable base." Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991).

Under § 2254, a state prisoner may obtain habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pardo v. Sec'y Fla. Dep't of Corr., 587 F.3d 1093, 1098 (11th Cir. 2009); 28 U.S.C. § 2254(d). Nevertheless, to the extent a prisoner bases his claim for relief on state, not federal law, questions of state law rarely raise issues

2

of federal constitutional significance, and, therefore, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1054–55 (11th Cir. 1983); 28 U.S.C. § 2254(a); see also Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (stating that the writ of habeas corpus was not enacted to enforce state-created rights). We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial that they rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055 (citing Smith v. Smith, 454 F.2d 572, 579 (5th Cir. 1971)).

A second or successive § 2254 petition requires prior authorization from us. 28 U.S.C. § 2244(b)(3)(A). The district court lacks jurisdiction to consider an unauthorized second or successive petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A petition is second or successive if it challenges the judgment authorizing the prisoner's confinement. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017). A petition is not second or successive if it challenges a new judgment issued after the prisoner's first petition and if that judgment authorizes the prisoner's confinement. Id.

Here, the district court properly construed Malloy's action as a successive § 2254 petition. For starters, Malloy completed the current action on a § 2254 habeas

application form, and appears to agree, on appeal, that he intended his action to be a § 2254 petition. Instead, Malloy seems to argue that this action is not successive. However, Malloy's current action is not actually attacking a new judgment, rather, he is attacking the original 1981 state court judgment that led to his confinement: life imprisonment without parole. Patterson, 849 F.3d at 1325. Further, Malloy has filed several habeas petitions prior to the present action and did not have our permission to file the current action, which plainly is required under the statute. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, the district court properly dismissed the action for lack of jurisdiction and we affirm on that basis. Id.; Farris, 333 F.3d at 1216.[1]

**AFFIRMED**.

---

[1] Even if there was jurisdiction to entertain this petition, the arguments in it are based on state law and do not create a basis for federal habeas relief. His argument that he was entitled to a sentence reduction under Alabama Code § 13A-5-9.1 is a state-based right that we will not enforce. See Cabberiza, 217 F.3d at 1333. Additionally, he has not shown that any errors at the state-court level were so severe as to render his trial "fundamentally unfair." Carrizales, 699 F.2d at 1054–55. Therefore, he could not meet the statutory requirements for habeas relief. Pardo, 587 F.3d at 1098; 28 U.S.C. § 2254(d).