[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12002

Non-Argument Calendar

_____

MEDGAR SAMUEL,

Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-80722-KAM

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Medgar Samuel, a Florida prisoner proceeding on appeal with counsel, appeals the district court's denial of his *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability ("COA") as to whether the district court erred in finding that any error in the state trial court's manslaughter instruction, which included an intent-to-kill element, was harmless. The government raises the issue of whether Samuel properly exhausted his claim in state court. Samuel argues that the issue of exhaustion was not properly on appeal because it was not included in the certificate of appealability and that, even if it was, the state waived the issue.

When examining a district court's denial of a § 2254 habeas petition, we review questions of law *de novo* and findings of fact for clear error. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). "[A]ppellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). However, we will also review procedural issues that must be resolved before we can reach the merits of the underlying claim, even if they were not addressed by the district court. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). We "may affirm on any ground supported by the record." *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008)

(quoting *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts are precluded from granting habeas relief on claims that were previously adjudicated on the merits in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA limits federal review of state prisoners' applications for habeas relief, imposing highly deferential standards for evaluating state court rulings. *Renico v. Lett*, 559 U.S. 766, 773 (2010); *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Before bringing a habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). The exhaustion requirement is not jurisdictional and may be waived by the state. 28 U.S.C. § 2254(b)(2); *Thompson v. Wainwright*, 714 F.2d 1495, 1502 (11th Cir. 1983). However, "[a] State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3); *McNair v. Campbell,* 416 F.3d 1291, 1306 (11th Cir. 2005).

"Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (quotation marks omitted, alteration in original). "It is not sufficient merely . . . that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *McNair*, 416 F.3d at 1302 (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004)). Further, "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Thus, the state petition must make the state court aware that the claims asserted do, in fact, raise federal constitutional issues. *Snowden*, 135 F.3d at 735.

The exhaustion requirement is satisfied when the petitioner properly raised the issue in state court, even if the court did not rule on it. *Smith v. Digmon*, 434 U.S. 332, 333 (1978). In that case, no deference is owed under § 2254(d), and the claim is instead reviewed *de novo*. *Brewster v. Hetzel*, 913 F.3d 1042, 1051 (11th Cir. 2019). However, "when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar." *McNair*, 416 F.3d at 1305. As with the exhaustion requirement, a procedural bar resulting from a petitioner's failure to

properly exhaust his state court remedies can only be waived expressly by the state. *Id.* at 1305-06.

However, where the petitioner failed to raise a claim in state court but overcomes that procedural default, we review the claim "without any § 2254(d)(1) deference, because there is no state court decision on the merits of [the] claim." *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1259 (11th Cir. 2002). Additionally, "[a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).

Where there is a trial error, habeas petitioners are not entitled to habeas relief based on the error unless they can establish that it resulted in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015) (quotation marks omitted). "There must be more than a reasonable possibility that the error was harmful," which reflects the view that states should not be "put to th[e] arduous task [of retrying a defendant] based on mere speculation that the defendant was prejudiced by trial error." *Id.* at 2198 (quotation marks omitted, alterations in original). Questions of state law, moreover, rarely raise issues of federal constitutional significance. *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983). An erroneous jury

instruction "raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair." *Id.* (quoting *Smith v. Smith*, 454 F.2d 572, 579 (5th Cir. 1971)).

In April 2010, the Florida Supreme Court held that intent to kill is not an element of manslaughter by act. *State v. Montgomery*, 39 So. 3d 252, 254 (Fla. 2010). It concluded that giving the manslaughter-by-act instruction (erroneously stating that an intent to kill was required) constituted fundamental error where the defendant was indicted and tried for first-degree murder and convicted of second-degree murder after the jury was erroneously instructed on the lesser included offense of manslaughter. *Id.* at 257-59. The court determined that this error was fundamental because manslaughter was a category one lesser included offense that was removed two steps from first-degree murder, and the jury had to be provided an opportunity to exercise its pardon power to convict the defendant of the next lower crime. *Id.*

In February 2013, the Florida Supreme Court held that giving the erroneous manslaughter-by-act instruction in a murder trial was a fundamental error where: (1) the jury also received instructions on manslaughter by culpable negligence; (2) the jury convicted the defendant of second-degree murder; (3) the evidence supported a guilty verdict for manslaughter by act; and (4) the evidence did not reasonably support a guilty verdict for manslaughter by culpable negligence. *Haygood v. State*, 109 So. 3d 735, 737, 741 (Fla. 2013). It concluded that a fundamental error occurred in Haygood's trial because the evidence did not support a finding of

culpable negligence, as Haygood admitted to striking, choking, and tripping the victim. *Id.* at 741-42.

In Florida, Rule 3.850 motions must be brought within two years of the finalized judgment or sentence. Fla. R. Crim. P. 3.850(b). Rule 3.850 motions may be brought after the two-year period if the right asserted was not established within the period, it has been held to apply retroactively, and the claim is brought within two years of the date of the decision announcing retroactivity. *Id.* at 3.850(b)(2).

As an initial matter, while the issue of exhaustion was not specifically articulated in the COA, we may review any procedural issues that must be resolved before reaching the merits of the claim, which would include exhaustion. The state did not waive any argument that the claim should be denied based on lack of exhaustion because it raised an argument below that Samuel failed to exhaust the claim.

Here, Samuel failed to properly exhaust his claim by failing to fairly present his federal claim to the state court. On his direct appeal, he argued only that the court erred in not rereading the instruction when the jury asked for clarification. When addressing the erroneous jury instruction in his first Rule 3.850 motion, he did not present the court with the particular legal basis of his current federal claim because he failed to raise the issue of constitutional error based on *Montgomery* and *Haygood*, instead raising the claim as an issue of ineffective assistance of counsel for accepting an erroneous jury instruction. In his second Rule 3.850 motion,

while he referred to "fundamental error," he pointed only to state law cases in support and did not refer to the constitution or any federal rights. While he cited to *Montgomery* and *Haygood*, neither of those cases talk about constitutional error. Moreover, he conceded in the district court that he did not properly exhaust this claim in any state proceeding. Further, Samuel would be barred from presenting the claims in state court because the remedy is no longer available in a Rule 3.850 motion, as more than two years passed since *Montgomery* and *Haygood* were decided, and his claim is therefore procedurally barred. Therefore, Samuel failed to exhaust this claim. Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] In light of our disposition, we need not address the several alternative grounds to affirm suggested by Appellee's brief.